## A96A1038. ALDALASSI v. DRUMMOND et al.

(477 SE2d 372)

McMURRAY, Presiding Judge.

This is an action for damages arising from a motor vehicle collision which also includes a claim pursuant to 42 USC § 1983 against the police officer who investigated the collision. Following a jury verdict in favor of defendants, plaintiff Aldalassi appeals raising 17 enumerations of error. *Held*:

1. Unfortunately, the form of plaintiff's pro se brief does not entirely comply with the rules of this Court. Most troublesome is the fact that all 17 enumerations of error are collectively argued in a sequence which deviates from the order of the enumerations of error and with the arguments often intermingled. Also, the enumerations of error are only sporadically supported by specific reference to the record or transcript. See Court of Appeals Rule 27 (c).

Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court. While our goal is to directly address the specific issues raised on appeal, where, as in the case sub judice, the contentions presented are argued generally, we must necessarily answer these issues in a similar fashion. *Ga. Ports Auth. v. Southeast Atlantic Cargo Operators,* 202 Ga. App. 318, 320 (1), 321, n. 3 (414 SE2d 232). Furthermore, a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form. *Arnold v. State,* 210 Ga. App. 843, 844 (437 SE2d 844).

2. Plaintiff contends the trial court erred in refusing to order the joinder, as necessary parties to the action, of Stacy Bell (the owner of the vehicle operated by one of the original defendants), State Farm Mutual Insurance Company along with a number of its employees, and the City of Atlanta Police Department. "There are two essential tests for an indispensable party under OCGA § 9-11-19 (a): (1) can relief be afforded the plaintiff without the presence of the other party, and (2) can the case be decided on its merits without prejudicing the rights of the other party? *Pickett v. Paine,* 230 Ga. 786, 796

(199 SE2d 223) (1973). If there are no compelling reasons for joining third parties, then they are not indispensable, and it is not necessary to join them for a just adjudication of the action between the original parties. *Peoples Bank &c. v. N. C. Nat. Bank*, 230 Ga. 389, 392 (197 SE2d 352)." *Halta v. Bailey*, 219 Ga. App. 178 (1), 179 (464 SE2d 614). Here, there has been no showing that any of the parties plaintiff sought to join is necessary for the just adjudication of the merits of this action. Therefore, we find no error in the trial court's denial of plaintiff's motion for joinder. *Solid Rock Baptist Church v. Freight Terminals*, 184 Ga. App. 111 (1), 112-113 (361 SE2d 200).

3. Plaintiff also contends that the judgment must be overturned because he did not receive notice of the pretrial conference. See OCGA § 9-11-16; Uniform State Court Rule 7.1; *TMS Ins. Agency v. Galloway*, 205 Ga. App. 896, 897 (424 SE2d 71). However, plaintiff made no attempt to elicit any action from the trial court on this basis, the issue is raised for the first time on appeal and the record does not contain any evidence which illuminates the question of whether or not plaintiff actually received proper notice. In any event the transcript is clear that plaintiff was well aware of the existence and provisions of the pretrial order entered subsequent to the conference and failed to raise any objection. Under these circumstances plaintiff must be deemed to have waived any issues arising from any lack of notice. *Adams v. Trust Co. Bank*, 215 Ga. App. 269 (450 SE2d 305).

4. During the course of discovery plaintiff filed two motions to compel discovery. Prior to the beginning of trial, the trial court addressed these issues. After a colloquy with plaintiff and opposing counsel the trial court directed that certain additional evidence be provided to plaintiff. While plaintiff now complains that the trial court left his motions to compel pending, the record and transcript fail to disclose any attempt by plaintiff to elicit any further ruling or otherwise obtain relief concerning the motions to compel. Under these circumstances plaintiff has waived his right to appeal this issue. *Gusky v. Candler Gen. Hosp.*, 202 Ga. App. 837 (2) (415 SE2d 541).

5. Plaintiff's remaining enumerations of error being unsupported by argument or citation of authority are deemed abandoned. *Turner v. State of Ga.*, 213 Ga. App. 309, 311 (5) (444 SE2d 372).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 15, 1996.

Abraham Aldalassi, *pro se.*
Sharon W. Ware & Associates, Randy Howard, Kathryn A. Thur-

194

*man, Mercedes Murrell*, for appellees.