S00G1957. ABELLERA et al. v. WILLIAMSON et al.
(553 SE2d 806)

SEARS, Presiding Justice.

We granted certiorari in this case to consider two questions.[1] One is whether the Court of Appeals, after determining that the trial court's rationale for granting summary judgment was incorrect, erred in failing to apply the "right-for-any-reason" rule and in failing to consider other grounds raised in the motion for summary judgment but not addressed by the trial court. The other question is whether the Court of Appeals correctly determined that a jury question existed on the issue whether the intervening criminal act of a third party was the proximate cause of the injury suffered by appellees. We conclude that the Court of Appeals erred in failing to apply the right-for-any-reason rule, and thus erred in failing to consider the appellants' contention that the trial court correctly granted them summary judgment in this attorney-malpractice action because there was no attorney-client relationship. We therefore remand the case to the Court of Appeals for it to consider that issue. Moreover, we agree with the Court of Appeals's ruling on the proximate cause issue.

On May 12, 1997, appellees Elaine Williamson and Lucille Morris agreed to sell real estate located in Flowery Branch, Georgia.[2] Appellant Blackburn, Walther & Sloan was selected by the lender to conduct the closing, and appellant Ronald Abellera, an attorney in

---

[1] *Williamson v. Abellera*, 245 Ga. App. 312 (537 SE2d 130) (2000).

[2] As this case stems from the grant of summary judgment, we must view the evidence in the light most favorable to the non-moving party on appeal. *Akins v. Couch*, 271 Ga. 276, 277 (518 SE2d 674) (1999).

the firm, was assigned to the closing. The closing took place on June 6. After the closing documents were signed, Abellera overheard a conversation between the buyers and sellers regarding capital gains taxes, in which Williamson stated that she "dreaded" having to pay capital gains taxes. Abellera then stated that a tax-free, like-kind exchange of property under IRC § 1031 could be completed if the parties were willing to re-sign closing documents. The parties agreed to do so. Abellera told Williamson and Morris that they would have to choose a third-party facilitator and gave them a brochure and letter from Section 1031 Services, Inc., describing the company as an exchange facilitator and a licensed escrow agent. James Gideon was named as the company's president. Abellera told Williamson, "you can call him."

On June 9, Williamson called Gideon and agreed to proceed with the exchange, to use Section 1031 Services as a qualified intermediary/escrow agent, and to use Blackburn, Walther & Sloan, specifically Abellera, as the closing attorney for the § 1031 exchange. Abellera prepared the documents reflecting the § 1031 exchange and charged Williamson and Morris $200 for doing so. After repeated attempts by Williamson and one attempt by Abellera to contact Gideon, it was discovered that Gideon had fled the country with the funds.

Williamson and Morris sued Abellera and Blackburn, Walther & Sloan, alleging that an attorney-client relationship existed, and that they had breached their duty of care by providing legal advice to effect a § 1031 exchange, by recommending Section 1031 Services, and by rendering legal services that resulted in their loss. Appellants moved for summary judgment, asserting that no attorney-client relationship existed and that Gideon's theft of the money was an intervening criminal act. The trial court granted summary judgment to appellants, stating that, although there may be a jury issue as to whether an attorney-client relationship existed, even if the relationship had formed, any negligence by appellants was not the proximate cause of appellees' damages, due to the intervening criminal act by Gideon.

Williamson and Morris appealed to the Court of Appeals, contending that the trial court erred in granting summary judgment on the proximate cause issue. In response, Abellera and Blackburn, Walther & Sloan contended that the trial court should be affirmed on the proximate cause issue, and that, in addition, the trial court should be affirmed under the "right-for-any-reason" rule, in that they were entitled to summary judgment because there was no attorney-client relationship between the parties. The Court of Appeals declined to consider whether an attorney-client relationship existed between the parties, on the ground that the issue was not ruled on by

the trial court.[3] On the proximate cause issue, the Court of Appeals reversed the trial court's grant of summary judgment, finding that the appellees' expert affidavit provided some evidence that the appellants "might have reasonably foreseen that the nature and character of their acts and omissions could result in injury."[4]

1. We agree with the Court of Appeals's holding regarding proximate cause, and hold that, under the circumstances of this case, the issue of proximate cause is for the jury.[5]

2. We turn next to the issue whether the Court of Appeals erred in failing to apply the right-for-any-reason rule. In *Porquez v. Washington*,[6] we considered on certiorari "whether the Court of Appeals erred when it failed to address an alternate ground supporting the entry of summary judgment."[7] Relying on the principle that a grant of summary judgment "is to be affirmed if it is right for any reason," we held that the "Court of Appeals, in its de novo review, should have determined whether the trial court's grant of judgment" was warranted under the alternate ground in question.[8] Similarly, in reviewing the grant of summary judgment to two defendants in *Anderson v. Atlanta Committee for the Olympic Games*,[9] this Court relied on the "right-for-any-reason" rule to affirm the trial court's grant of summary judgment to those defendants. In addition, the Court of Appeals has repeatedly stated that it will "affirm a grant of summary judgment if it is right for any reason."[10]

In declining to review the appellants' assertion in this case that the trial court's grant of summary judgment to them was right for a reason asserted in support of the motion but not addressed by the trial court, the Court of Appeals relied on its decision in *Devins v. Leafmore Forest Condo. Assn.*[11] In *Devins*, the plaintiff filed a complaint asserting several claims and an amended complaint asserting a separate claim. The trial court granted summary judgment to the defendant on the plaintiff's complaint, but did not rule on the separate claim asserted in the amended complaint. On appeal, the plaintiff asserted that the trial court erred in granting summary judgment on the claims asserted both in the complaint and the amended com-

---

[3] *Williamson v. Abellera*, 245 Ga. App. at 314 (1).

[4] Id. at 315.

[5] Id. at 314-315.

[6] 268 Ga. 649 (492 SE2d 665) (1997).

[7] Id. at 649.

[8] Id. at 652. Accord *Anderson v. Atlanta Committee for the Olympic Games*, 273 Ga. 113, 118 (537 SE2d 345) (2000).

[9] Supra.

[10] *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 687 (534 SE2d 145) (2000). Accord *Costrini v. Hansen Architects, P.C.*, 247 Ga. App. 136 (543 SE2d 760) (2000); *Bell v. Sasser*, 238 Ga. App. 843, 844 (520 SE2d 287) (1999).

[11] 200 Ga. App. 158 (3) (407 SE2d 76) (1991).

plaint. The Court of Appeals, however, held that because no ruling had been made on the separate claim asserted in the amended complaint, it was not ripe for appellate review. That holding is undisputedly correct, but is inapposite to the present case.

Here, unlike in *Devins*, the trial court granted summary judgment on the claim that is the subject of appellate review, but based the grant of summary judgment on only one of the two grounds asserted in support of the motion by the appellants. Under these circumstances, it is appropriate for an appellate court to determine whether the trial court's ruling was right for any reason, including whether it was right for a ground asserted in the summary judgment motion that the trial court chose not to address in granting summary judgment.

Accordingly, we remand the case to the Court of Appeals for further consideration consistent with this opinion.

*Judgment affirmed in part, reversed in part, and case remanded. All the Justices concur.*

DECIDED OCTOBER 5, 2001.

*Troutman Sanders, Daniel S. Reinhardt, William M. Droze*, for appellants.

*Ford & Barnhart, James L. Ford, Sr., Crowley, Appel, Starkey & Holbrook, Carl A. Crowley III*, for appellees.