A05A0104. CHAPMAN v. C. C. DICKSON COMPANY.

(616 SE2d 478)

MILLER, Judge.

Shortly after he was terminated by C. C. Dickson Company (the Company), Richard Chapman fell and was injured inside the store

where he had worked. Chapman sued the Company, and the Company moved for summary judgment, which the trial court granted. We find no error and affirm.

On the day of his injury, Chapman arrived at work and was told by another employee to call the Company's area manager. He did so and was told that he was fired. Since he had driven in on a motorcycle that day, Chapman asked for and received permission to use the Company's truck to take home his personal belongings. After entering the store, he fell and was injured. Chapman sued, alleging that the Company's negligent maintenance of its store caused his injury. The Company moved for summary judgment, arguing that because Chapman was still an employee when he fell, his exclusive remedy was the Workers' Compensation Act, and that because the Company had no knowledge of any dangerous condition, it could not be liable to Chapman. The trial court granted the motion, and Chapman appeals.

1. On appeal from a grant of summary judgment, we review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). Unless the record is so poorly developed as to make legal analysis impossible, a trial court's grant of summary judgment that is right for any reason will be affirmed. *Abellera v. Williamson*, 274 Ga. 324, 326-327 (2) (553 SE2d 806) (2001); see *Bell v. Sasser*, 238 Ga. App. 843, 844 (520 SE2d 287) (1999).

Chapman deposed that after making two trips in the company truck to bring his personal belongings home, he "walked in the front door [of the store], made a left and made an immediate right, the same path I took every day of my life while I was working there. And the next thing I knew I was on my way to the emergency room in the ambulance." The testimony continues:

Q: Did you actually slip or did you trip on something?
A: No, I slipped.
. . .
Q: Do you know what it was you slipped in?
A: No, ma'am.
Q: Did you ever see the substance at all, either before or after the fall?
A: No, ma'am.
. . .
Q: [D]id you ever hear anybody make any comment about a substance being on the floor or any discussion about that?
A: I remember hearing [another employee] walk up and say

["]I see where he slipped. You can see his foot mark in the slip.["]

This and other undisputed evidence shows that no one, including Chapman, saw any foreign substance or other matter on the floor, and that no one, including Chapman, had any idea what caused his slip and fall. "Without evidence of the existence of a foreign substance that somehow caused a fall, there can be no evidence that the defendant had any knowledge of the alleged danger, and therefore no recovery for the plaintiff." *Belk Dept. Store &c. v. Cato*, 267 Ga. App. 793, 794 (600 SE2d 786) (2004); see also *Hudson v. J. H. Harvey Co.*, 244 Ga. App. 479, 480 (536 SE2d 172) (2000). Thus we affirm the grant of summary judgment on the ground that no material question of fact remains on the merits of Chapman's premises liability negligence claim. See *Abellera*, supra, 274 Ga. at 326-327 (2) (remanding case to Court of Appeals to determine whether trial court's grant of summary judgment was right for any reason).

2. In light of our holding in Division 1, we find it unnecessary to reach the question whether Chapman was still an employee at the time of his fall.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 1, 2005 —
RECONSIDERATION DENIED JUNE 15, 2005.

*Lane & Jarriel, Thomas F. Jarriel*, for appellant.
*James, Bates, Pope & Spivey, Jeanna G. Fennell*, for appellee.