A10A1299. BARNETT v. FULLARD et al.
(701 SE2d 608)

MCMURRAY, Senior Appellate Judge.

Stephen Barnett, a minority shareholder in a closely held corporation, attempted to proceed with a direct shareholder action against some, but not all, of the other shareholders, alleging malfeasance in the performance of their corporate duties. In his complaint, Barnett claimed that the defendant shareholders had refused his demand to review the corporate records in violation of the Georgia Business Corporation Code; had misappropriated corporate funds and assets; had falsified the corporate books and records; and had failed to account for corporate income attributed to him in corporate tax filings or to pay the income over to him. The trial court dismissed Barnett's complaint for failure to state a claim upon which relief could be granted, concluding that none of his claims could be pursued against the defendants in a direct shareholder action. Because Barnett was entitled to pursue a direct action against the defendant shareholders for their alleged failure to account for his share of the corporate income or to pay the income over to him, we reverse the trial court's dismissal of that claim. We affirm the trial court's dismissal of the remaining claims.

A trial court's ruling on a motion to dismiss is reviewed de novo. See *Hendry v. Wells*, 286 Ga. App. 774, 781 (2) (650 SE2d 338) (2007).

> Our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.

(Citations and punctuation omitted.) Id. at 781 (2). Nonetheless, "it

is still possible for a litigant to plead himself out of court by revealing a state of facts which affirmatively shows that there is no liability on the defendant." *Hodge v. Dixon*, 119 Ga. App. 397 (167 SE2d 377) (1969). See also *Hendry*, 286 Ga. App. at 781-782 (2) (noting that "a party to an action is bound by material allegations made in his pleadings so long as they remain in his pleadings") (punctuation omitted). Guided by these principles, we turn to the record in the present case.

Plaintiff Barnett is a minority shareholder in Earthwise Industries, Inc., a closely held Georgia corporation. His complaint asserted multiple causes of action against the three corporate directors who comprised the majority shareholders of the corporation, Andrew Fullard, Adena Fullard, and Jane Hix (the "Shareholder Defendants"). As originally filed, Barnett's complaint also named Earthwise as a defendant and asserted both direct and derivative claims. Subsequently, however, Earthwise was voluntarily dismissed as a party defendant, and Barnett chose to proceed only with his purported direct claims against the Shareholder Defendants.

Barnett's complaint alleged that the Shareholder Defendants had violated OCGA § 14-2-1602 by refusing his demand to inspect corporate records; had misappropriated corporate assets for their personal use and for a rival business solely controlled by one of the defendants; had inappropriately altered the corporate books and records to disguise the misappropriations; and had failed to account for corporate income attributed to him in corporate tax filings or to distribute the income to him. The Shareholder Defendants moved to dismiss Barnett's complaint for failure to state a claim upon which relief could be granted on the ground that none of his claims could be pursued against them individually in a direct action. The trial court agreed and dismissed Barnett's complaint in its entirety, resulting in this appeal.

1. Initially, we point out that Barnett's appellate brief is not in compliance with Court of Appeals Rule 25 (c) (1), which requires that "[t]he sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." Although Barnett's brief enumerates several separate errors, his brief does not contain separate argument sections for each enumeration and follows no particular order in its presentation.

> As we have held, Rule 25 (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, [Barnett] has hindered the Court's review of his assertions and has risked the possibility that certain

enumerations will not be addressed. Accordingly, to the extent that we are able to discern which of the enumerations are supported in the brief by citation of authority or argument, we will address those enumerations.

(Citation and punctuation omitted.) *Marchant v. Travelers Indem. Co. &c.*, 286 Ga. App. 370, 371 (1) (650 SE2d 316) (2007).

2. Barnett contends that the trial court erred in dismissing his claim under OCGA § 14-2-1602 pursued against the Shareholder Defendants. Because this statutory cause of action contemplates that the suit be brought against the corporation, we discern no error by the trial court.

OCGA § 14-2-1602 affords a shareholder the right to inspect and copy certain corporate records by giving written notice of his demand to the corporation. See OCGA § 14-2-1602 (b), (c).[1] If the corporation improperly denies the shareholder's demand, the shareholder may apply for a court order authorizing the inspection and copying of the records demanded. See OCGA § 14-2-1604 (a), (b).[2] If the trial court enters an order authoring inspection and copying of the records, the shareholder is entitled to recover from the corporation his attorney fees and costs incurred in obtaining the order, "unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to

---

[1] OCGA § 14-2-1602 provides in part:

. . .

(b) A shareholder of a corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation described in subsection (a) of this Code section if he gives the corporation written notice of his demand at least five business days before the date on which he wishes to inspect and copy.

(c) A shareholder of a corporation is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any of the following records of the corporation if the shareholder meets the requirements of subsection (d) of this Code section and gives the corporation written notice of his demand at least five business days before the date on which he wishes to inspect and copy[.]

[2] OCGA § 14-2-1604 provides in part:

(a) If a corporation does not allow a shareholder who complies with subsection (b) of Code Section 14-2-1602 to inspect and copy any records required by that subsection to be available for inspection, the superior court of the county where the corporation's registered office is located may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the shareholder.

(b) If a corporation does not within a reasonable time allow a shareholder to inspect and copy any other record, the shareholder who complies with subsections (c) and (d) of Code Section 14-2-1602 may apply to the superior court in the county where the corporation's registered office is located for an order to permit inspection and copying of the records demanded. The court shall dispose of an application under this subsection on an expedited basis.

. . .

inspect the records demanded." OCGA § 14-2-1604 (c).

Barnett's claim was properly dismissed in light of this statutory framework. Interpretation of statutes presents a matter of law for the courts. *City of Buchanan v. Pope*, 222 Ga. App. 716, 717 (476 SE2d 53) (1996). Under the applicable rules of construction, a statute should be construed in a manner that gives the words their plain and ordinary meaning unless it would lead to absurd results, and "a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole." (Citation and punctuation omitted.) *Beacon Med. Products v. Travelers Cas. &c.*, 292 Ga. App. 617, 619 (665 SE2d 710) (2008). Furthermore, "[a] statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter . . . are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto." (Citations and punctuation omitted.) *City of Buchanan*, 222 Ga. App. at 717 (1).

By its plain terms and when read in conjunction with OCGA § 14-2-1602, OCGA § 14-2-1604 clearly contemplates an action by the shareholder *against the corporation* where there is a refusal of a demand to inspect and copy the corporate records. But Barnett voluntarily dismissed the corporation, Earthwise, as a party defendant prior to the trial court's ruling on the Shareholder Defendants' motion to dismiss for failure to state a claim. Because Barnett could not pursue his statutory claim for inspection and copying of the corporate records against the remaining individual defendants, the claim was properly dismissed.

3. Barnett further contends that the trial court erred in dismissing his claims against the Shareholder Defendants for their alleged misappropriation of corporate assets and alteration of the corporate books and records to disguise the misappropriations. Because these claims could only be pursued in a shareholder derivative action, we conclude that the trial court committed no error.

In a shareholder derivative action, the shareholder sues on behalf of the corporation for the harm done to it, and any damages recovered by the shareholder are paid to the corporation. See *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 586 (1) (397 SE2d 699) (1990). See also OCGA § 14-2-740 et seq. Because such an action seeks to redress a wrong sustained by the corporation rather than the individual plaintiff, "[i]t has long been recognized . . . that the corporation is a proper and indispensable party." (Punctuation and footnote omitted.) *Kilburn v. Young*, 244 Ga. App. 743, 744 (1) (536 SE2d 769) (2000). In contrast, in a direct shareholder action, the shareholder sues on his own behalf for injuries done to him in his individual capacity by corporate fiduciaries, and any damages recov-

ered go to the shareholder rather than the corporation. See *Phoenix Airline Svcs.*, 260 Ga. at 586 (1).

"The determination of whether a claim is derivative or direct is made by looking to what the pleader alleged. It is the nature of the wrong alleged and not the pleader's designation or stated intention that controls the court's decision." (Citations and punctuation omitted.) *Southwest Health &c. v. Work*, 282 Ga. App. 619, 624 (2) (a) (639 SE2d 570) (2006). See *Phoenix Airline Svcs.*, 260 Ga. at 585 (1). A shareholder may bring a direct rather than a derivation action in either of two circumstances.

> First, a shareholder has standing to bring a direct action, seeking recovery on behalf of the shareholder individually, if the suit alleges a special injury separate and distinct from that suffered by other shareholders, or alleges a wrong involving a shareholder contractual right existing apart from any right of the corporation. Second, a direct action may be proper in the context of a closely held corporation where the circumstances show that the reasons for the general rule requiring a derivative suit do not apply.

(Citations, punctuation and emphasis omitted.) *Rosenfeld v. Rosenfeld*, 286 Ga. App. 61, 64 (2) (648 SE2d 399) (2007). See *Grace Bros., Ltd. v. Farley Indus.*, 264 Ga. 817, 819 (2) (450 SE2d 814) (1994); *Thomas v. Dickson*, 250 Ga. 772, 774 (301 SE2d 49) (1983). Neither of these circumstances applies in the present case.

(a) *Special Injury.* The trial court correctly concluded that Barnett failed to allege a special injury separate and distinct from that suffered by Earthwise and the other shareholders.[3] As noted, Barnett alleged in his complaint that the Shareholder Defendants had misappropriated corporate assets and altered corporate documents to disguise the misappropriations. But the general rule is that allegations of misappropriation of corporate assets and breach of fiduciary duty can only be pursued in a shareholder derivative suit brought on behalf of the corporation, since the injury is to the corporation and its shareholders collectively. See *Phoenix Airline Svcs.*, 260 Ga. at 585 (1); *Southwest Health &c.*, 282 Ga. App. at 625 (2) (b); *Parks v. Multimedia Technologies*, 239 Ga. App. 282, 287 (2) (520 SE2d 517) (1999). And Barnett's complaint is "devoid of any allegation of a separate and distinct injury to [Barnett]" that would make the general rule for these types of claims inapplicable. *Phoenix Airline Svcs.*, 260 Ga. at 586 (1). See *Southwest Health &c.*, 282 Ga.

---

[3] It is undisputed that Barnett did not allege a wrong involving a shareholder contractual right that existed separate from any right of Earthwise.

App. at 625-626 (2) (b); *Paul and Suzie Schutt Irrevocable Family Trust v. NAC Holding*, 283 Ga. App. 834, 835 (1) (642 SE2d 872) (2007); *Stoker v. Bellemeade, LLC*, 272 Ga. App. 817, 822 (3) (615 SE2d 1) (2005), rev'd in part on other grounds, *Bellemeade, LLC v. Stoker*, 280 Ga. 635 (631 SE2d 693) (2006). Accordingly, we agree with the trial court that Barnett failed to allege a special injury that would give him standing to pursue these claims directly.

(b) *Closely Held Corporation.* The trial court also correctly concluded that Barnett failed to show that the exception for closely held corporations applied in this case. Even if a shareholder fails to allege a special injury, he may bring a direct action if the corporation is closely held and "the circumstances show that the reasons for the general rule requiring a derivative suit do not apply." (Citation and emphasis omitted.) *Southwest Health &c.*, 282 Ga. App. at 626 (2) (c). See *Thomas*, 250 Ga. at 774; *Stoker*, 272 Ga. App. at 822 (3).

> [T]he reasons for requiring derivative suits in the ordinary corporate context are (1) to prevent multiple suits by shareholders; (2) to protect corporate creditors by ensuring that the recovery goes to the corporation; (3) to protect the interest of all the shareholders by ensuring that the recovery goes to the corporation, rather than allowing recovery by one or a few shareholders to the prejudice of others; and (4) to adequately compensate injured shareholders by increasing their share values.

(Citations omitted.) *Southwest Health &c.*, 282 Ga. App. at 626 (2) (c).

Significantly, not all of Earthwise's shareholders are parties to this suit.[4] As such, there is a risk of multiple suits and of possible prejudice to the rights of the other shareholders. The exception permitting a direct action in the context of a closely held corporation, therefore, cannot be applied in this case. See *Levy v. Reiner*, 290 Ga. App. 471, 474 (2) (659 SE2d 848) (2008); *Southwest Health &c.*, 282 Ga. App. at 627 (2) (c). It follows that Barnett was required to bring his claims for misappropriation of corporate assets and falsification of corporate documents in a derivative rather than direct action. See id. Because Barnett failed to do so, the trial court correctly dismissed

---

[4] Barnett's complaint did not address or acknowledge that there were other shareholders who were not named as parties. But the Shareholder Defendants pointed out to the trial court that there were other shareholders not named as parties in this action; the trial court recognized this fact in its order dismissing the complaint; and Barnett acknowledged this fact in his brief on appeal. Barnett's acknowledgment constitutes a binding admission in judicio that supports the dismissal of his complaint. See *Ray v. Scottish Rite Children's Med. Center*, 251 Ga. App. 798, 799, n. 2 (555 SE2d 166) (2001).

these claims.

4. We reach a different result with respect to Barnett's claim against the Shareholder Defendants for failing to account for corporate income attributed to him in corporate tax filings or to pay the income over to him. "The alleged injury was related to a right to a portion of the financial items produced by the [corporation]," and thus was direct rather than derivative in nature. (Citation and punctuation omitted.) *Hendry*, 286 Ga. App. at 785 (2) (b) (plaintiffs' claim pertaining to the allocation of net sales proceeds among partners could be pursued in a direct action). Construed in the light most favorable to Barnett, this claim did not allege that the Shareholder Defendants caused the corporation to lose income. Rather, it alleged that the Shareholder Defendants caused the corporation to forego distributing a portion of the income to the specific shareholder to whom it was owed, namely, Barnett. Under these circumstances, Barnett alleged a special injury separate and distinct from that suffered by Earthwise or the other shareholders such that he had standing to bring his claim in a direct action. See id. The trial court thus erred in dismissing this claim against the Shareholder Defendants. See id.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 17, 2010.

*Douglas R. Daum, Thomas S. Fisher*, for appellant.
*Lowendick, Cuzdey, Ehrmann, Wagner, Stine, Sansalone & Bobe, Thomas A. Miller*, for appellees.