## A11A0836. GOODMAN v. THE STATE.
(717 SE2d 496)

BARNES, Presiding Judge.

Gene Nelson Goodman appeals pro se from two convictions of misdemeanor criminal trespass pursuant to OCGA § 16-7-21 (b) (3).[1] For the following reasons, we affirm.

The evidence shows that on May 6, 2010, a warrant for criminal trespass was issued for Goodman when, after being banned from Ware Manor Apartments by the apartment manager, he was discovered on the property. A second warrant was issued for Goodman the next day, May 7, 2010, when he was again discovered on the apartment premises. The State thereafter filed criminal trespass accusations against Goodman based on the incidents. Following a bench trial, he was found guilty of two counts of criminal trespass and sentenced to twelve months probation.

To the best we are able to ascertain Goodman's enumerations of error, he contends that the arrest warrants were invalid because the affidavits were not sufficient, that the police officer who swore out the second warrant did not appear in court, that he was prosecuted twice for the same crime in violation of the Fifth Amendment, that he was not permitted to confront certain witnesses at trial, that certain witnesses were not subpoenaed for trial, and that trial counsel was ineffective.

We are unable to address any error related to proceedings at the trial because there is no transcript of the trial court proceedings in the appellate record. *Holley v. State*, 257 Ga. App. 249 (570 SE2d 688) (2002). As appellant, the burden was on Goodman to arrange for the preparation and filing of a transcript of the trial court proceedings necessary for consideration of his appeal. *Stanley v. Stanley*, 277 Ga. 798-799 (596 SE2d 138) (2004). Although he made reference to a trial transcript in his appellate brief — "see trial transcript in record on appeal" — he does not denote such references with page or volume numbers. We do not know whether Goodman raised an issue

---

[1] A person commits the offense of criminal trespass when he or she knowingly and without authority: . . . Remains upon the land or premises of another person or within the vehicle, railroad car, aircraft, or watercraft of another person after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart.

regarding double jeopardy below, and it is well settled that "[w]e will not consider errors, even those of constitutional magnitude, unless they were raised and ruled on in the trial court." *Jones v. State of Ga.*, 249 Ga. App. 64, 67 (2) (547 SE2d 725) (2001).

Regarding the sufficiency of the affidavits for the arrest warrants,

> [p]retermitting whether the arrest warrants were valid, a new trial [is not] required because the sanction for an unconstitutional arrest is the exclusion of the evidence obtained as a result of that arrest. The sanction is not the suppression of the prosecution. [Goodman] has not identified any evidence obtained as a result of his arrest under these warrants.

(Citations omitted.) *Austin v. State*, 286 Ga. App. 149, 152-153 (2) (648 SE2d 414) (2007).

We further note that Goodman's brief does not comport with Court of Appeals Rule 25 (a) (1), as it does not "contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal," nor does it state "the method by which each enumeration of error was preserved for consideration" on appeal. Goodman's enumerated errors are not supported by citations to the record, argument, or legal authority contrary to Court of Appeals Rule 25 (c) (2). See *Gardner v. State*, 289 Ga. App. 359, 359-360 (657 SE2d 288) (2008).

Proceeding pro se does not relieve Goodman of his obligation to comply with the rules of this Court. "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED OCTOBER 4, 2011 —
RECONSIDERATION DISMISSED DECEMBER 14, 2011.

Gene N. Goodman, *pro se.*
Joseph R. Johnson, Jr., *Solicitor-General*, for appellee.