**SECOND DIVISION
BARNES, P. J.,
BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 12, 2016**

# In the Court of Appeals of Georgia

A16A1034. FLOYD v. BROWN.

BARNES, Presiding Judge.

Shauntia Floyd appeals from the order of the trial court awarding sole legal and physical custody of her two children to the children's father, Jermaine Brown. Upon our review, we affirm.

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. The evidence sufficient to warrant a modification of custody can consist of a change in material conditions which have a positive effect on the child's welfare as well as changes which adversely affect the child.

(Citations and punctuation omitted.) *Viskup v. Viskup*, 291 Ga. 103, 105 (1) (727 SE2d 97) (2012). See also OCGA § 19-9-3 (b). "A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine

what is in the child's best interest." (Citation and punctuation omitted.) *Blumenshine v. Hall*, 329 Ga. App. 449, 450 (1) (765 SE2d 647) (2014). Moreover,

> [a] court's determination that there has been a material change in condition supporting a modification of custody will be affirmed on appeal absent abuse of discretion, and where there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion.

(Citation and punctuation omitted.) Id.

The record reflects that Brown and Floyd were married in 2009, and divorced in 2010. After the divorce, Floyd was awarded sole legal and physical custody of their two children who were born before the couple married.[1] The two children were placed in Brown's temporary custody after Floyd was incarcerated for aggravated assault, aggravated battery, and cruelty to children after allegedly breaking the arm of one of her other children.[2] On July 28, 2014, the children were returned to Floyd's custody, after which, on September 30, 2014, Brown filed a complaint for modification of custody and child support for primary physical custody of the children. Brown later

---

[1] Brown's petition to legitimate the two children was granted in November of 2009.

[2] Floyd has five older children who are not Brown's children.

2

amended the complaint to seek "sole legal and physical custody" of the children. On March 31, 2015, after Floyd failed to appear for a 30-day status conference, the trial court entered a temporary order finding that "[u]pon evidence presented . . . it is in the best interest of the . . . children. . . that [Brown] have sole legal and physical custody of the minor children."

Following a hearing, which is not included in the record, the trial court granted Brown sole legal and physical custody of the children in a final order entered on November 18, 2015.[3] In its final order, the trial court noted that Floyd had been arrested "multiple times" since the original custody determination, including arrests for battery, harassing phone calls, criminal trespass, reckless conduct, and her most recent arrest for aggravated assault, aggravated battery, and cruelty to children. It further found that, in contrast, Brown had a safe and stable home for the children, no history of arrests, and was employed with a stable job and income.

1. This Court has consistently warned pro se appellants about the hazards inherent in proceeding pro se on appeal. Central to those warnings is that "[p]roceeding pro se does not relieve [Floyd] of [her] obligation to comply with the rules of this Court." *Goodman v. State*, 313 Ga. App. 290, 291 (717 SE2d 496)

---

[3] Floyd was present at the hearing and represented herself.

3

(2011). "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996).

Here, there is no statement of the proceedings below, no statement of facts, nor is there one specific reference to the record or transcript in the entirety of Floyd's appellate brief. The brief does not contain any appreciable enumerated errors, argument or substantive legal analysis. Especially troubling in this case is that Floyd's appellate "brief" is a two-page form document which, although purportedly following the *structure* prescribed for appellate briefs as outlined in our rules, fails to provide the required *content* of an appellate brief.[4] See Court of Appeals Rules 25 (a), (c). The first line of the document, denoted as "Form 7" and titled, "Brief of Appellant," states, "COMES NOW Appellant _____ [Plaintiff/Defendant] below, and files this brief on appeal." The form has four divisions: "Part One Facts," "Part Two Enumerations of Error," "Part Three Standard Review," and, last, "Argument and Citation of Authorities." There is a space with between five or six lines under each division, and Floyd handwrote information in the space allotted for each section.

---

[4] The second page of the document is the certificate of service.

In the space provided for the section entitled "Part One Facts," the brief states in total:

> On the 28th day of July 2014 . . . Floyd was awarded back custody of my two children . . . from them living temporarily with . . . Brown from me being incarcerated on felony changes from my daughter [K. F.]. There was anger management in place, psychological, parental fitness evaluation, domestic violence evaluation, etc.

Under the section entitled "Part Two Enumeration of Errors" is written:

> Jermaine Brown father of my two children . . . filed a modification of custody back of his two children because he didn't like or accept the fact that custody was returned back to me . . . . So unfairly he files all type of paper from Dekalb to Fulton County with all these [illegible] excuses to win custody of my babies.

In the space provided for the "Part Three Standard of Review" Floyd states:

> Due to substantial reasons of custody being turned over to the father. . . . the case was not thoroughly or completely evaluated, neither was [there] a matter that I was found or deemed to be unfit to parent my children. He was just granted legal, physical. and sole custody of the two of our kids. . . .

And in the space under the section entitled "Argument and Citation of Authority," the brief simply states:

Jermaine's attorney . . . argued that my two sons and I had criminal cases, which didn't have anything to do with any physical harm or threat to the minor kids. . . . [A]lso the [guardian] ad litem used my information as her form of decision based on other allegations etc.

While certainly form documents can sometimes provide helpful guidance in certain routine legal matters, especially if there is informed help in filling out the form, it is clear that in this case, Floyd did not understand the actual content required for each part of an appellate brief. Instead, she relied on the false assumption that by writing something in each section of the "Brief of Appellant" form, she was satisfying our appellate brief requirements. We reiterate that proceeding pro se does not relieve Floyd of the obligation to comply with rules of this Court. *Goodman*, 313 Ga. App. at 291. See Court of Appeals Rule 25 (a) (an appellant's brief "shall contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal and the citation of such parts of the record or transcript essential to a consideration of the errors complained of"); Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); and Rule 25 (c) (2) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript.

In the absence of such reference, the Court will not search for or consider such enumeration.").

However, our Supreme Court has emphasized that

[i]n addition to the statutory mandate that the [Appellate Practice Act] be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid … refusal to consider any points raised therein" (OCGA § 5-6-30), the legislature, in enacting OCGA § 5-6-48 (f), has imposed on the appellate courts a statutory duty to discern what errors an appellant is attempting to articulate.

*Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999). Further OCGA § 5-6-48 (f) directs that

[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that . . . *the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.*

(Emphasis supplied.)

Mindful of this direction, Floyd appears to assert on appeal that the trial court erred in granting Brown's petition for modification of custody and child support.

7

However, any claim of error found to be unsupported by authority or argument will be deemed abandoned under Rule 25 (c) (2). Additionally, notwithstanding her failure to provide any cognizant support for this claim, we also note that "[i]n accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings." (Citations and punctuation omitted.) *Reed v. Reed*, 295 Ga. 574, 578 (2) (761 SE2d 326) (2014).

Accordingly, based upon the evidence described in its order, the trial court was authorized to conclude that there had been a material change in condition since the parties' divorce supporting a modification of custody and that it was in the best interest of the children for custody to be awarded to Brown. See *Blumenshine,* 329 Ga. App. at 450 (1); see also *Vines v. Vines*, 292 Ga. 550, 552 (739 SE2d 374) (2013) ("Where there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion.")

*Judgment affirmed. Boggs and Rickman, JJ., concur.*