**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 23, 2017**

# In the Court of Appeals of Georgia

A17A0349. TISDALE v. THE WESTMOORE GROUP, LLC et al.

MILLER, Presiding Judge.

Adrian Tisdale sued The Westmoore Group ("Westmoore") and two individuals who assisted in obtaining a mortgage on her home (collectively "Defendants"), alleging multiple violations of federal statutes and the Georgia Fair Lending Act[1] ("GFLA"), fraud in the inducement, and civil conspiracy.[2] Defendants filed a counterclaim for attorney fees under OCGA § 13-6-11. The trial court granted summary judgment in favor of Defendants and awarded them $61,231.10 in attorney

---

[1] OCGA § 7-6A-5.

[2] Defendant Jeffrey Ganek was dismissed from the suit. The only remaining defendants are Westmoore and Jonathan Block, who is a principal, officer, and manager of Westmoore.

fees.[3] Tisdale now appeals. After a thorough review of the record, we affirm in part and reverse in part.

"On appeal from a grant of summary judgment, we review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law." (Citation omitted.) *Chapman v. C. C. Dickson Co.*, 273 Ga. App. 640, 641 (1) (616 SE2d 478) (2005).

So viewed, the evidence shows that in 2011, Tisdale obtained a high-interest mortgage loan ("the Loan") through Westmoore in the amount of $49,062 to purchase her home in Covington. The Loan was secured by a security deed, which contained an accelerated remedies clause providing for an opportunity to cure any default prior to foreclosure.

Soon after Tisdale closed on the home, she made late payments and disputed the closing costs, mortgage terms, and loan calculations. On August 28, 2012, Westmoore agreed to a loan modification, in which it refunded certain fees to Tisdale, and Tisdale signed a release (the "Release") agreeing that "all aspects of the Loan

---

[3] Defendants also requested fees under OCGA § 9-15-14, but the trial court did not award fees on this basis.

[were] proper and correct and in full compliance with all applicable state and federal laws." The Release further provided that Tisdale would release Westmoore and its agents and employees from any claims she "ever had, now have, or which she hereafter can, shall or may have" against them. Under the terms of the Release, any violation would allow Westmoore to "declare the Loan immediately due and payable."

Despite signing the Release, Tisdale continued to dispute the terms of her mortgage. She also fell further into arrears on her payments. In July 2013, Westmoore notified Tisdale of her default and the opportunity to cure so as to avoid the acceleration of the Loan and the subsequent commencement of foreclosure proceedings.

After Tisdale again disputed the amount due, Westmoore agreed to postpone acceleration of the Loan. In a Postponement Letter Tisdale signed and agreed to on August 15, 2013, Westmoore advised Tisdale that the failure to comply with the terms of the Postponement Letter could result in foreclosure proceedings. Notably, in the Postponement Letter, Tisdale admitted that she had no defenses against Westmoore in connection with its security interest.

Nevertheless, Tisdale failed to make the required payments, and Westmoore began foreclosure proceedings. Tisdale continued to challenge the underlying mortgage obligation by filing a complaint in Newton County Superior Court. While that case was pending, Tisdale also sought injunctive relief to stop the foreclosure sale in federal court. Both of these cases were later voluntarily dismissed.

Tisdale then filed the instant suit,[4] and Defendants filed a counterclam for attorney fees under OCGA § 13-6-11. Liberally construing Tisdale's state-law claims in her complaint, she alleged that the Defendants committed fraud in connection with the initiation and signing of her Loan, conspired to commit fraud in connection with her Loan, and violated the GFLA by demanding payments that exceed the permissible amount. In February 2014, Tisdale filed a bankruptcy petition, which stayed the foreclosure proceeding.[5]

Defendants removed this case to the federal district court, which ultimately dismissed the federal claims and remanded Tisdale's state-law fraud, conspiracy, and

---

[4] She also sought a restraining order in state court to prevent the sale, but the trial court denied relief. We note that no foreclosure has occurred, given the pending bankruptcy action, and thus Tisdale cannot make a claim for wrongful foreclosure.

[5] The bankruptcy court found Tisdale was in arrears on her mortgage and reminded Tisdale of her obligation to make her mortgage payments in a timely manner.

GFLA claims, as well as Defendants' counterclaim, to the trial court. On remand, the trial court granted Defendants' motion for summary judgment, finding (1) the Release was a valid agreement, and, therefore, any claims relating to the Loan prior to the August 28, 2012 date of the Release were barred by the terms of the Release; (2) claims relating to conduct that occurred between the date of the Release and the August 15, 2013 Postponement Letter were barred by the terms of the Postponement Letter; and (3) Defendants were entitled to OCGA § 13-6-11 attorney fees in the amount of $61,231.10.

1. Before we reach the merits of the appeal, we note that Tisdale's brief fails to comply with this Court's rules because it does not contain numbered and distinct enumerations of error with supporting arguments. See Court of Appeals Rule 25 (c) (1). Tisdale's pro se status does not relieve her of her obligation to comply with the rules of this Court. See *Floyd v. Brown*, 338 Ga. App. 520, 521 (1) (790 SE2d 307) (2016). "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." (Citation and punctuation omitted.) Id.

Our rules are more than a mere formality. *Barnett v. Fullard*, 306 Ga. App. 148, 149 (1) (701 SE2d 608) (2010). Rather, they are designed to ensure that all enumerations of error are addressed and to aid our review of each enumeration. Id. By failing to comply with Court of Appeals Rule 25, Tisdale has hindered our review of her arguments and has risked the possibility that certain enumerations will not be addressed. See id. at 149-150 (1). Nevertheless, we will address claims of error to the extent we are able to discern them, and we deny Defendants' motion to dismiss the appeal on this basis. See id. at 150 (1).

Reviewing Tisdale's brief, we interpret her claims to challenge the grant of summary judgment to Defendants on the grounds that (a) her claims arising prior to August 15, 2013 were not barred; (b) Defendants were in breach by refusing to allow her to cure the default; and (c) the Release and Postponement Letter are void. Tisdale also contends that the trial court erred in awarding fees to Defendants under OCGA § 13-6-11.

2. Tisdale first argues that the trial court erred in granting summary judgment to Defendants because (a) her claims are not barred by the Release and Postponement Letter, and (b) Defendants thwarted her attempts to cure the default. Importantly, although Tisdale argues that her federal claims were properly before the trial court,

the federal court dismissed those claims and remanded only the state-law claims. Therefore, only the GFLA, conspiracy, and fraud claims were properly before the trial court.

(a) Claims barred by the Release

Having reviewed the record, we conclude that the trial court properly found that Tisdale's state-law claims relating to conduct that occurred before the date of the Release were barred by that agreement.

> A release or settlement agreement is a contract subject to construction by the court. It is governed by state law applicable to contracts in general. The cardinal rule of construction is to determine the intention of the parties. Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Such a contract is the only evidence of what the parties intended and understood by it.

(Punctuation and footnotes omitted). *UniFund Financial Corp. v. Donaghue*, 288 Ga. App. 81, 82 (653 SE2d 513) (2007).

As noted, Tisdale's state-law claims alleged fraud in connection with the origination of her Loan, conspiracy in connection with that fraud, and violations of the GFLA based on the amount of payment required under the Loan. The trial court properly found that Tisdale's state-law claims were barred because the Release

provided that "all aspects of the Loan [were] proper and correct and in full compliance with all applicable state and federal laws." Moreover, in signing the Release, Tisdale agreed that she would release Westmoore and its agents and employees from any claims she "ever had, now have or which she hereafter can, shall or may have" against them. This document indisputably covers all of Tisdale's fraud, conspiracy, and GFLA claims relating to the Loan, the closing documents, and the arrearage in her mortgage payments prior to the August 28, 2012 execution date.

Moreover, there is no merit to Tisdale's argument that the Release and Postponement Letter were void because she signed them under threat of foreclosure. The threat of foreclosure, which was within Westmoore's right due to Tisdale's failure to pay the Loan, does not amount to duress. *Savannah Sav. Bank v. Logan*, 99 Ga. 291 (25 SE 692) (1896); see also *Cannon v. Kitchens*, 240 Ga. 239, 240 (240 SE2d 78) (1977).

Finally, the Release and Postponement Letter are not void for violating the GFLA because, contrary to Tisdale's argument, the payments required there did not exceed the amount that could be charged either as interest or as a payment. See OCGA § 7-6A-5 (2), (4), (13) (A).

8

Tisdale has not shown any genuine issue of material fact to preclude summary judgment, and the trial court properly concluded as a matter of law that the Release and Postponement Letter were binding and barred all of Tisdale's state-law claims relating to the formation of the Loan that occurred prior to August 15, 2013. Accordingly, we conclude that Defendants were entitled to summary judgment on Tisdale's claims for fraud, conspiracy, and GFLA violations that allegedly occurred prior to the date of the Release.

(b) Failure to allow Tisdale to cure the default

The only state-law claim that Tisdale alleged occurred after the date of the Release and Postponement Letter is that Westmoore breached the terms of the Loan when it did not allow her to cure her default before initiating foreclosure proceedings.[6] We disagree.

Under the terms of the Postponement Letter, the parties agreed that Westmoore would postpone foreclosure provided that Tisdale made the necessary payments. The

---

[6] Tisdale appears to allege that Westmoore failed to make the insurance payments collected from her escrow account. The record shows that escrow was part of the original Loan, but as part of the Release, Westmoore removed the escrow payment, and Tisdale agreed to be responsible for her own taxes and insurance. Thus, there can be no claim against the Defendants regarding insurance payments after the date of the Release.

Postponement Letter further provided that if Tisdale failed to comply, Westmoore would go forward with foreclosure proceedings. The letter also stated that Tisdale understood that the failure to make payments as required gave Westmoore the right to immediately pursue foreclosure. The Postponement Letter clearly gave Defendants the right to immediately accelerate the Loan and commence foreclosure proceedings in the event of another untimely payment.

Although Tisdale argued before the trial court that she made the payments and Westmoore refused to accept them, she points to no evidence in the record to support this claim. Therefore, Tisdale has not met her burden to show a genuine issue of fact with respect to any attempt to cure. *Chapman*, supra, 273 Ga. App. at 642 (summary judgment is proper where no genuine issue of material fact remains). Accordingly, the trial court correctly found that Defendants were entitled to summary judgment on the claims occurring after August 15, 2013.

3. Tisdale next argues that the trial court erred in awarding fees under OCGA § 13-6-11. Because the trial court lacked authority to award attorney fees on summary judgment, we agree.

OCGA § 13-6-11 provides that:

10

[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the *jury* may allow them.

(Emphasis added).[7] Thus, as our Supreme Court has explained, "both the liability for and amount of attorney fees pursuant to OCGA § 13-6-11 are solely for the jury's determination, [and] a trial court is not authorized to grant summary judgment in favor of a claimant therefor." (Citations omitted.) *Covington Square Assoc., LLC v. Ingles Markets, Inc.*, 287 Ga. 445, 446 (696 SE2d 649) (2010). This is because "the very language of the statute prevents a trial court from ever determining that a claimant is entitled to attorney fees as a matter of law." (Footnotes and punctuation omitted.) *Sherman v. Dickey*, 322 Ga. App. 228, 233-234 (2) (744 SE2d 408) (2013). Moreover, "although a trial court is permitted to grant such fees when it sits as a trier of fact, it is not a trier of fact on a motion for summary judgment." Id. (Footnotes and punctuation omitted).

---

[7] Tisdale has not waived this argument by failing to raise it before the trial court because the trial court lacked authority to award fees as a matter of law. See *Sherman v. Dickey*, 322 Ga. App. 228, 233 (2) & n. 20 (744 SE2d 408) (2013).

11

Accordingly, the trial court here was without authority to award fees under OCGA § 13-6-11 on summary judgment, and we reverse the trial court's award. In light of our determination that the award must be reversed, we need not address Tisdale's claim that the amount included monies for claims litigated in the federal action.

For the foregoing reasons, we affirm the trial court's order granting summary judgment, but reverse the order awarding attorney fees.

*Judgment affirmed in part and reversed in part. Doyle, C. J., and Reese, J., concur.*