**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and PHIPPS, SENIOR APPELLATE JUDGE.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 28, 2021**

# In the Court of Appeals of Georgia

A20A1946. COOPER v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury convicted Garth Cooper, who represented himself at trial, of improper driving on a divided highway in violation of OCGA § 40-6-50 (b) based on Cooper's action of driving his vehicle in an emergency lane in the absence of an actual emergency. Cooper originally appealed to the Georgia Supreme Court, which transferred the case to this Court after finding that "the appellate record does not reflect that appellant made any specific, cognizable constitutional challenge to the statute of conviction, OCGA § 40-6-50" and that Cooper did not otherwise state a basis for invoking Supreme Court jurisdiction. *Cooper v. State*, S20A0866 (March 13, 2020). He filed a pro se brief in the Supreme Court, and a second pro se brief in this Court after the case was transferred, arguing a nonamendable defect upon the

face of the record and pleadings and purportedly challenging the constitutionality of OCGA §40-6-50. Because Cooper's briefs fail to comport with the rules of this Court in fatal ways, his arguments are deemed abandoned and his conviction is affirmed.

First, Cooper's briefs do not "contain . . . a citation of the parts of the record or transcript essential to a consideration of the errors; and a statement of the method by which each enumeration of error was preserved for consideration." Court of Appeals Rule 25 (a) (1). In addition, his briefs do not "contain the argument and citation of authorities[] . . . [or] include a concise statement of the applicable standard of review with supporting authority for each issue presented in the brief." Court of Appeals Rule 25 (a) (3). Cooper's briefs assert what can be construed as three "enumerations of error," but fail to articulate a cognizable argument upon which this Court can properly evaluate his claims.

While we are aware that Cooper is proceeding pro se, this Court repeatedly has held that

> [p]roceeding pro se does not relieve [a party] of his obligation to comply with the rules of this Court. Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court.

2

*Goodman v. State*, 313 Ga. App. 290, 291 (717 SE2d 496) (2011) (citation and punctuation omitted). Indeed, this Court has recognized that

> [b]riefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [Cooper's] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown.

*Salazar v. State*, 256 Ga. App. 50, 50 (567 SE2d 706) (2002).

Under our rules, "[a]ny enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned." Court of Appeals Rule 25 (c) (2). Here, Cooper's briefs are wholly inadequate and his failure to comply with this Court's rules precludes us from ascertaining his arguments or determining whether the trial court ruled on and considered them below. His arguments are thus deemed abandoned pursuant to Court of Appeals Rule 25 (c) (2), and the judgment of the trial court is affirmed. See *Walker-Carter v. State*, 291 Ga. App. 362, 363 (662 SE2d 220) (2008). Accord *Brown v. State*, 313 Ga. App. 714, 715 (722 SE2d 439) (2012).

*Judgment affirmed. Miller, P. J., and Mercier, J., concur*.