**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 31, 2022**

# In the Court of Appeals of Georgia

A22A1015. McDONALD v. REYES.

MCFADDEN, Presiding Judge.

Denny Reyes sought custody of two of Kila McDonald's children under the equitable caregiver statute, OCGA § 19-7-3.1. The trial court adjudicated Reyes to be an equitable caregiver under the statute and awarded him custody of the children. McDonald filed this appeal. Among other things, she argues that the trial court should have dismissed Reyes's petition because the statute does not authorize an action if "the Division of Family and Children Services of the Department of Human Services has an open child welfare . . . case involving" her, OCGA § 19-7-3.1 (i), and here, there is such an open case. We agree. So we reverse.

1. *Factual background.*

At one time, Reyes was McDonald's stepfather, but at the time of these proceedings, McDonald's mother and Reyes had divorced. In November 2018, McDonald was arrested and put in jail. McDonald asked her attorney to facilitate Reyes's obtaining temporary custody of two of her children. On McDonald's behalf, the attorney filed a petition in juvenile court for Reyes to have temporary custody; the juvenile court granted him temporary custody; and he has had custody since then.

Just over a year later, Reyes filed in superior court a petition for permanent custody of the two children. McDonald moved to dismiss the petition on several grounds. The trial court conducted a hearing, orally denied the motion to dismiss, and entered a final order adjudicating Reyes to be an equitable caregiver and granting him physical and legal custody of the children. McDonald filed this appeal.

2. *Denial of motion to dismiss*.

McDonald argues that under OCGA § 19-7-3.1 (i), the superior court should have granted her motion to dismiss Reyes's action. We agree.

A person may file an action to be adjudicated an equitable caregiver of a child. OCGA § 19-7-3.1. Should the court determine, after considering certain statutory factors, that the person has standing as an equitable caregiver, the court may grant that person rights relating to the child, including custody. OCGA § 19-7-3.1 (d), (e),

2

(f), (g). But OCGA § 19-7-3.1 (i) limits the availability of equitable caregiver actions, providing that "[t]his Code section . . . shall not authorize an original action so long as the Division of Family and Children Services of the Department of Human Services [('DFACS')] has an open child welfare and youth services case involving such child *or* his or her parent." OCGA § 19-7-3.1 (i). (Emphasis supplied).

McDonald argues, as she did in the trial court, that Reyes's petition was not authorized because, although there was no open child welfare and youth services case involving these children, there was one involving her. The trial court ruled that OCGA § 19-7-3.1 (i) bars an equitable caregiver action when the open DFACS case concerns: (1) the children at issue or (2) the children at issue *and* the parent. In other words, the court held that the equitable caregiver statute bars an action only when there is an open DFACS case involving the children who are the subject of the equitable caregiver action.

We agree with McDonald that the trial court erred in its interpretation of the statute. As stated above, under OCGA § 19-7-3.1 (i), an equitable caregiver action is not authorized when "the Division of Family and Children Services of the Department of Human Services has an open child welfare and youth services case involving such child *or* his or her parent." (Emphasis supplied.) "[T]he word 'or' normally indicates

an alternative. . . . [A]n ordinary speaker of the English language generally would not say that 'or' is equivalent to 'and' or 'as well as.'" *Rockdale County v. U.S. Enterprises*, 312 Ga. 752, 765-766 (3) (b) (865 SE2d 135) (2021). And "[i]n all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter. . . ." OCGA § 1-3-1 (b).

"While the word 'or' can be interpreted either as a disjunctive term or as a reiterative term, where a legislative provision is phrased in the disjunctive, it must be so construed absent a clear indication that a disjunctive construction is contrary to the legislative intent." *Gearinger v. Lee*, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996) (citations omitted). The equitable caregiver statute contains no indication that a disjunctive construction of subsection (i) is contrary to the legislative intent.

Applying the rules of statutory construction, we hold that the use of the disjunctive in OCGA § 19-7-3.1 (i) indicates that an equitable caregiver action is not authorized in two separate, alternative situations: (1) when DFACS has an open child welfare and youth services case involving the child at issue in the equitable caregiver action or (2) when DFACS has an open child welfare and youth services case involving the parent of the child at issue in the equitable caregiver action.

In the final order, the trial court found that DFACS "does not currently have an open case plan involving these children *and . . .* McDonald." (Emphasis supplied.) However, testimony at the final hearing showed that when Reyes filed his petition as well as at the time of the hearing, DFACS had an open case involving McDonald and another one of her children. Indeed, in his appellate brief, Reyes "concedes that there is a current open case involving the Appellant and the Department of Human Services pertaining to one or more of Appellant's other six children. . . ." See *Barnett v. Fullard*, 306 Ga. App. 148, 153 (3) (b) n. 4 (701 SE2d 608) (2010) (acknowledgment of fact in appellate brief "constitutes a binding admission in judicio"). Given this evidence and Reyes's admission, under OCGA § 19-7-3.1 (i), Reyes's equitable caregiver action was not authorized, and the trial court erred by denying McDonald's motion to dismiss.

We do not reach McDonald's other claims of error.

*Judgment reversed. Gobeil and Land, JJ., concur*.