## A00A1919. GORDY v. GORDY.
(542 SE2d 536)

ELLINGTON, Judge.

Sheri Lynne Gordy appeals the order of the trial court which gave custody of her two minor children to Jeffrey Todd Gordy and required her to pay child support. Sheri Gordy contends the trial court abused its discretion in modifying child custody without a showing of a change in any material conditions or circumstances and in calculating child support without considering the statutory guidelines. For the reasons which follow, we reverse and remand.

1. Sheri Gordy contends the trial court abused its discretion in modifying child custody in that Jeffrey Gordy did not prove the changes in conditions alleged in his petition and further that the changes alleged were not material changes justifying a change in custody.

When Jeffrey and Sheri Gordy were divorced on August 8, 1996, the divorce decree awarded them joint custody of their two minor children and designated Sheri Gordy "the primary and physical custodian." The decree gave Jeffrey Gordy visitation rights and required him to pay child support. Three years after their divorce, Jeffrey Gordy sought a change in custody, an award of child support and other relief. After a hearing, the trial court granted his petition and ordered "[s]ole legal and physical custody of the parties' two minor children . . . is vested in [Jeffrey Gordy]."

Georgia law authorizes modification of "a judgment relating to

the custody of a minor . . . based upon a showing of a change in any material conditions or circumstances of a party or the minor." OCGA § 19-9-1 (b).

> In a contest between the parents, the award of custody by a divorce court vests the custodial parent with a prima facie right. Ordinarily, the trial court should favor the parent having such a right. What the court must *affirmatively find* [in order to modify custody] is either that the original custodian is no longer able or suited to retain custody or that conditions surrounding the child have so changed that modification of the original judgment would have the effect of promoting his welfare.

(Citations and punctuation omitted; emphasis supplied.) *Tenney v. Tenney*, 235 Ga. App. 128, 129 (1) (508 SE2d 487) (1998).

In this case, the trial court did not make an explicit finding that a change in material conditions or circumstances of the Gordys or their children warranted a change in custody. At the hearing, the trial court's only explanation of its forthcoming order was the following: "It's a very hard case. . . . I find that in the best interest of the children, they should be with their father." In their briefs, both parties make certain assumptions about the factual findings underlying the trial court's modification of custody, based on the content of Jeffrey Gordy's petition and the evidence presented at the hearing. But *on the record* the trial court did not state that it found that a change in material conditions or circumstances justified a change in custody, nor did the court identify any specific factual findings supporting that legal conclusion.

This Court is mindful that "the Solomonic task" of assigning the custody of children lies "squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility." *Arp v. Hammonds*, 200 Ga. App. 715, 717 (409 SE2d 275) (1991). We are also mindful, however, that where a judgment of a trial court deprives a litigant of a prima facie right, that litigant has a right to a meaningful appellate review. See *Grantham v. Grantham*, 269 Ga. 413, 414 (1) (499 SE2d 67) (1998); *In the Interest of C. T.*, 197 Ga. App. 300, 302 (3) (398 SE2d 286) (1990). "Although trial courts have wide discretion in change of custody proceedings, there are limits to that discretion." *Ormandy v. Odom*, 217 Ga. App. 780, 781 (1) (459 SE2d 439) (1995). Without an explicit statement specifying the factual bases for the trial court's implicit conclusion that a change in material conditions or circumstances justified a change in custody in this case, this Court is not in a position to evaluate whether the trial court acted within the limits of its discretion. Accordingly, this case is remanded to the trial court for the entry of findings of fact.

2. Gordy contends the trial court abused its discretion in calculating child support without considering evidence of the factors specified in the statutory guidelines. OCGA § 19-6-15 (b) (5) provides: "The amount of the obligor's child support obligation shall be determined by multiplying the obligor's gross income per pay period by a percentage based on the number of children for whom child support is being determined." Subsection (c) provides that the court may vary the final award of child support, up or down, from the percentage range "upon a *written finding* that the presence of one or more of [listed] special circumstances makes the presumptive amount of support either excessive or inadequate." (Emphasis supplied.) OCGA § 19-6-15 (c). "The Child Support Guidelines laid down in OCGA § 19-6-15 (b) and (c) are mandatory and must be considered by any trier of fact setting the amount of child support." *Franz v. Franz*, 268 Ga. 465 (1) (490 SE2d 377) (1997).

In this case, the trial court ordered Sheri Gordy to pay child support without determining her gross income as required by statute. We therefore vacate the award of child support and direct the trial court to calculate child support as provided by the guidelines set forth in OCGA § 19-6-15. *Ganny v. Ganny*, 238 Ga. App. 123, 127 (6) (518 SE2d 148) (1999).

*Judgment reversed and case remanded. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 15, 2000.

*Hirsch, Partin, Grogan & Grogan, John P. Partin, Lynn L. Grogan*, for appellant.

*Berry & Shelnutt, Edward F. Berry*, for appellee.