Boggs, Judge.
Kathrine Clark appeals pro se from an order of the Chatham County Superior Court granting Ricky G. Rau’s petition for modification of custody and child support. No transcript is included in the record, and while the hearing at issue was reported, it does not appear *252 that it was transcribed.[1] Moreover, Clark’s appellate brief is inadequate either to enumerate the errors she contends were made below or to support them with argument and citation of authority as required by this court’s rules. In these circumstances, we must presume the regularity of the judicial proceedings below and affirm the judgment of the trial court.
Clark and Rau are the parents of three minor children: sixteen-year-old B. C., fifteen-year-old V. C., and twelve-year-old K. C. On October 16, 2013, the Superior Court of Chatham County entered an order of legitimation, custody, and child support in which Clark and Rau were granted joint legal custody of the children, with Clark having primary physical custody of B. C., Rau having primary physical custody of K. C., and the couple sharing joint physical custody of V. C. On March 7, 2014, Rau filed a petition for modification of custody and child support in which he alleged circumstances materially affecting the welfare of the children, including that Clark was not exercising the joint physical custody arrangement and allowing him physical custody of V. C., that she was not exercising the custodial arrangements with the other children, and that she had failed to provide a suitable furnished residence for the children. Following a bench trial on the petition, the trial court awarded Rau sole legal and physical custody of his three minor children. This appeal followed.
1. Clark has failed to comply with the provisions of Court of Appeals Rules 22 and 2 5 in the preparation of her appellate brief. The brief does not contain a statement of facts, citations to the record, or numbered and distinct enumerations of error with supporting arguments.[2]
Proceeding pro se does not relieve [Clark] of [her] obligation to comply with the rules of this Court. Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court.
*253 (Citation and punctuation omitted.) Goodman v. State, 313 Ga. App. 290, 291 (717 SE2d 496) (2011). In particular, Court of Appeals Rule 25 (c) (1) requires that “[t]he sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly.”
As we have held, Rule 25 (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, [Clark] has hindered the Court’s review of [her] assertions and has risked the possibility that certain enumerations will not be addressed.
(Citation and punctuation omitted.) Barnett v. Fullard, 306 Ga. App. 148, 149-150 (1) (701 SE2d 608) (2010).
Nor is this a mere “minor departure from prescribed procedures,” as asserted by the dissent. While we may address enumerations of error “to the extent that we are able to discern which of the enumerations are supported in the brief by citation of authority or argument,” Barnett, supra, 306 Ga. App. at 149-150 (1), our customary practice cannot extend so far as to “discern” both enumerations of error and argument when neither is provided, particularly in the absence of a transcript of the proceedings. In so doing, we would step outside our constitutionally assigned role.
To the extent that Clark has set forward any comprehensible arguments, she appears to argue that the trial court failed to allow her to present evidence on her own behalf, and that, had she been permitted to do so, she “would sur[e]ly prove that [the trial court’s] decisions were not supported by the GA Code.” It is in this context, not that of the form of the order, that she discusses the provisions of the statute enumerated by the dissent. In the remainder of her brief, Clark further seems to assert that the trial court disregarded matters presented to it, that the children improperly elected their residence, that Rau, his employer, and employees of DFACS should have been held in contempt, that the court disregarded alleged family violence by Rau, and that the trial court and a magistrate judge were guilty of misconduct in various respects. Nothing provides a basis for the dissent’s creation of enumeration of error, argument, and record on behalf of Clark.
As our Supreme Court has observed, in the context of a conviction for murder and other offenses and a sentence of life imprisonment:
The attempts to provide sua sponte appellate review of criminal appeals notwithstanding incomplete appellate fil *254 ings, while laudable, do a disservice to the courts, the criminal defendant, and appellate counsel. The practice requires the appellate court to ignore jurisdictional and procedural statutes and rules, and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error.
(Footnote omitted.) Rowland v. State, 264 Ga. 872, 874 (452 SE2d 756) (1995). And this court has noted the danger of creating enumerations of error and a brief on behalf of a litigant:
“[C]reating” an appeal for the appellant who has failed to file enumerations of error or a brief casts this court into the role of advocate. The awkwardness and inappropriateness of this role has been suggested by Judge Beasley in her dissent in Conyers v. State, 183 Ga. App. 591 (359 SE2d 454) (1987), and again in Sarver [v. State, 206 Ga. App. 459 (426 SE2d 48) (1992) (physical precedent only)].
(Footnote omitted.) Whittle v. State, 210 Ga. App. 841, 842 (437 SE2d 842) (1993), (overruling Sarver and Conyers). To take on the role of appellate advocate in the context of a civil appeal is even more inappropriate and awkward. And in “discerning” that which appears nowhere in an appellant’s pleadings or the record, we are not only assuming the role of advocate; we are conflating that role with our judicial responsibilities so as to be both advocate and arbiter.
2. Moreover, even to the extent we are able to discern any assertion of error below from Clark’s disjointed and incomplete brief, we are unable to address any of the arguments which Clark has arguably made in the absence of a transcript.
. . . Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed as provided by Code Section 5-6-41. . .. The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal[.]
OCGA § 5-6-42. Clark, “as the appellant here, bears the burden of showing error below. In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court’s findings.” (Citations, punctuation and footnote omitted.) Reed v. Reed, 295 Ga. 574, 577-578 (2) (761 SE2d 326) (2014); see *255 also Siratu v. Diane Investment Group, 298 Ga. App. 127, 128-129 (679 SE2d 359) (2009) (in the absence of transcript or statutory substitute, assumed that evidence supported trial court’s decision).
3. The dissent asserts that the trial court’s order is “facially deficient” because it fails to recite the “best interest of the child” standard verbatim. This is incorrect, for several reasons. First, neither party requested specific findings of fact, which under OCGA § 19-9-3 (a) (8) need only be provided “[i]f requested by any party on or before the close of evidence^]” See Weickert v. Weickert, 268 Ga. App. 624, 628-629 (2) (602 SE2d 337) (2004). Here, as in Weickert, the trial court did not specifically recite the ‘Test interest of the children” formula, but “essentially” did so when it found that Rau had “shown a material substantial change in circumstances which substantially affected the welfare of the parties’ minor children.” See id. at 628-629 (2). “We do not find it necessary to remand this case in order for the court to use the exact language provided.” Id. at 629 (2). We therefore must affirm the judgment of the trial court.

Judgment affirmed.

Branch, McMillian and Mercier, JJ., concur. Rickman, J., concurs in judgment only. Barnes, P. J., Miller, P. J., Ellington, P. J., and McFadden, J., dissent.

 The record indicates that on September 15, 2015, the trial court granted Clark’s request to proceed in forma pauperis. In an October 15, 2015 communication to this Court, the trial court’s court reporting manager stated that Clark was provided with an estimate for the cost of “transcript production,” but “we have not heard from [Clark] regarding this matter, nor have we received a request to proceed with transcript production or a deposit.”

 While Clark’s brief contains a section headed “II. Enumeration of Errors,” it appears to be a disjointed conflation of a statement of facts with argument, but with no comprehensible citations to the record or to authorities as required by Rule 25 (a) (1) and (3). The brief contains no further argument, other than a truncated “Part III” which amounts to a prayer for relief.