**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 4, 2019**

# In the Court of Appeals of Georgia

A19A0675. BURNHAM v. BURNHAM.

MARKLE, Judge.

Lora Alexa Burnham ("Alexa") appeals from the trial court's order granting her ex-husband's petition to modify custody of their two children. On appeal, she argues that the trial court erred because there was no evidence of a change in circumstances that affected the children's best interest. After a thorough review of the record, and for the reasons that follow, we vacate the trial court's order and remand the case for further factual findings.

On review of an order modifying a child custody arrangement, "this Court views the evidence in the record in the light most favorable to the trial court's order and will affirm the trial court's decision if there is any evidence to support it." (Citation and punctuation omitted.) *Lowry v. Winenger*, 340 Ga. App. 382 (797 SE2d

230) (2017). We are "mindful that the Solomonic task of assigning the custody of children lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility." (Citation and punctuation omitted.) *Gordy v. Gordy*, 246 Ga. App. 802, 803 (1) (542 SE2d 536) (2000).

So viewed, the evidence shows that Alexa and Michael Bruce Burnham ("Bruce") were divorced in 2016. They have two children, a son born in 2007 and a daughter born in 2010. The divorce was amicable, and the parties did not consult with attorneys before signing the separation and divorce papers. The parties agreed that they would have joint legal custody, with Alexa having physical custody and Bruce paying child support in the amount of $1,746 per month. Per the terms of the separation agreement, the parties were to live within 120 miles of the current home address in Palmetto, Georgia, unless one of them had to relocate due to employment of either the parent or the parent's new spouse.

In the beginning, the parties co-parented well, with both remaining very involved in their children's lives, and with Bruce spending more time with the children than he was allotted under the visitation schedule. Bruce moved out of the marital home to allow Alexa and the children to remain there, and he moved in with

his parents. Bruce later remarried, and Alexa became engaged. Both of the parties' significant others have children from previous relationships, and the Burnham children get along well with the significant others and their children.

In 2017, Bruce approached Alexa about reducing the amount of child support payments he made each month because he had started a new business with his brother. Around the same time, Alexa began to strictly enforce the terms of the visitation schedule.

In 2018, Alexa and her fiancé decided to move to Cobb County as a result of a change in her work schedule. It is undisputed that this move is within the 120 miles contemplated by the separation agreement. Bruce subsequently purchased a home with his new wife that would enable the children to remain in their current school district.

As a result of Alexa's planned move, Bruce filed a complaint to modify custody and child support on the ground that the move constituted a material change in circumstances. The children had lived in Coweta County their entire lives and had family nearby with whom they had close relationships, including their paternal grandparents who often picked them up from school or had them spend the night. The children were doing well in school, participated in several extracurricular activities,

3

and were active in church. According to family and friends, both parents were involved in these activities and provided nurturing environments for the children.

Alexa filed her own petition for modification of visitation and for contempt based on Bruce's failure to pay child support and maintain a life insurance policy. The trial court consolidated these petitions and ordered Bruce to make payments on the child support arrears.

Following a hearing, at which the trial court and the parties addressed only whether a change in custody was in the best interest of the children, the trial court modified custody to award physical custody to Bruce, and ordered Alexa to pay $669 a month in child support. Without addressing whether Alexa's move constituted a material change in circumstances, the trial court found that the best interest of the children weighed in favor of granting physical custody to Bruce. Alexa now appeals.

In her sole enumeration of error, Alexa argues that the trial court's order must be reversed because it failed to make a threshold determination that there was a material change in circumstances, given that the separation agreement specifies that only a move beyond 120 miles would qualify.

1. Before we address Alexa's argument on appeal, we first consider Bruce's claim that she has waived her alleged error by not arguing it before the trial court and

4

by implicitly conceding that there were changed circumstances. We do not agree that Alexa has waived this issue.

Alexa was not the party seeking a modification of custody, and thus it was not her burden to show changed circumstances. *Young v. Young*, 209 Ga. 711, 713-714 (3) (75 SE2d 433) (1953) ("The decree in a divorce case which awards custody of minor children to the mother is conclusive as between the parties, . . . and where the decree is relied upon by the mother, the burden is upon the father to show affirmatively a change in circumstances that would free the case from the former adjudication."); see also *Lyon v. Lyon*, 226 Ga. 879 (178 SE2d 195) (1970) (burden is on party seeking change in custody); *Mink v. Mink*, 195 Ga. App. 760, 762 (3) (395 SE2d 237) (1990) (same) (physical precedent only). As such, the failure to raise the argument that there was not sufficient evidence of changed circumstances does not waive the issue. Compare *Moore v. Moore*, 346 Ga. App. 58, 60-61 (3) (815 SE2d 242) (2018) ("Because Appellant acquiesced to a modification of his child support obligations, he waived any objection to whether the threshold requirements for such a modification were otherwise met."). Moreover, Alexa could not have raised the issue regarding the trial court's failure to address the threshold question until the trial court, in fact, failed to do so in rendering its final order.

Nor do we find any evidence in the record showing that Alexa conceded the issue. In her answer to Bruce's complaint, Alexa denied that the move constituted a material change in circumstances warranting a modification of custody. Finally, the parties requested that the trial court issue a written order that included its findings of fact and conclusions of law. The trial court's order failed to do so in that it did not make the threshold factual finding nor apply the correct legal standard. Under these facts, and given the "Solomonic task" facing the trial court in awarding custody, *Gordy*, 246 Ga. App. at 803 (1), we conclude that Alexa did not waive the argument that there was no material change in circumstances. Cf. *Wallace v. Wallace*, 296 Ga. 307, 309-310 (1) (766 SE2d 452) (2014) (mother did not waive argument that trial court failed to make written findings in its award of child support because trial court was required by statute to make findings).

2. Turning to the trial court's order modifying the custody arrangement, we conclude that the trial court's failure to consider the threshold question of changed circumstances mandates that we vacate the trial court's order and remand for further proceedings.

"Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case." (Citation

omitted.) *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003). Our review of the trial court's determination on this issue is for abuse of discretion, and "where there is any evidence to support the trial court's finding, [we] will not find there was an abuse of discretion." (Citation omitted.) *Autrey v. Autrey*, 288 Ga. 283, 285 (4) (702 SE2d 878) (2010).

Once an award of child custody has been made, when the non-custodial parent seeks to change that arrangement, the trial court must first determine whether there has been a material change in circumstances affecting the child's welfare. *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012); *Todd v. Casciano*, 256 Ga. App. 631, 632 (1) (569 SE2d 566) (2002). "The standard remains, however, that a change of custody may be granted only if a new and material change in circumstances affects the child . . . . [t]he trial court must find that a material change in circumstances has taken place *before* it can consider whether modification of custody is in the children's best interests." (Citations and punctuation omitted; emphasis supplied.) *Weickert v. Weickert*, 268 Ga. App. 624, 627 (1) (602 SE2d 337) (2014); OCGA § 19-9-1 (b). Accordingly, the trial court must make a threshold finding that there has been a material change in circumstances before it considers what is in the children's best interests. *Weickert*, 268 Ga. App. at 627 (1); *Odum v. Russell*, 342 Ga. App. 390, 392

7

(1) (802 SE2d 829) (2017) ("While a best interest of the child standard applies to an initial determination of custody, it is applicable in a change of custody action only after there has been a showing of a change in condition materially affecting the child.") (citation and punctuation omitted).

Where, as here, the trial court failed to make any finding that there has been a material change in circumstances, we must vacate the trial court's order and remand the case for further factual findings. See *Johnson v. Hubert*, 175 Ga. App. 169 (1) (333 SE2d 21) (1985) (where the trial court awarded custody of the child to the plaintiff father solely upon the conclusion that it was in the child's best interest without making the threshold determination that there was a change in material circumstances, the trial court failed to apply the proper legal standard and remand was required); see also *Morgan v. Fordham*, 328 Ga. App. 227, 228-229 (761 SE2d 621) (2014) (physical precedent only) (trial court's failure to make finding that there were changed circumstances and focusing solely on best interest analysis required remand).

Moreover, there is nothing in the trial court's order that shows it considered this threshold issue. The trial court focused solely on the best interest analysis; at no point does it mention anything about a change in circumstances. In fact, the trial court begins its conclusions of law by explaining, "[i]n custody cases involving the

relocation of a parent, the Court's sole consideration is the best interest of the Children." The trial court then cited the best interest factors as set forth in OCGA § 19-9-3 (3) (A)-(Q). As a result, we cannot read the trial court's order to have made the factual finding that a material change in circumstance occurred. Compare *Weickert*, 268 Ga. App. at 627-628 (1) (reading trial court's order as a whole showed that trial court understood the threshold requirement of changed circumstances and that it found them to exist). Accordingly, we vacate the trial court's order and remand the case for the trial court to make those factual findings.

*Judgment vacated and case remanded. Doyle, P. J., and Coomer, J., concur.*