**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 11, 2019**

# In the Court of Appeals of Georgia

A19A1386. LONGINO v. LONGINO.

BARNES, Presiding Judge.

Under the terms of Anthony and Sandra Longino's 2017 final divorce decree, the wife was awarded primary physical custody of the couple's two daughters. In January 2018, the husband filed an emergency motion for temporary custody of the girls and contemporaneous petition for modification of custody based, in part, on the wife's alleged abuse of alcohol and prescription drugs, and educational neglect of the children. In his petition for modification of custody, the husband claimed that there had been a substantial change in circumstances such that it was in the children's best interest for him to become their permanent primary physical custodian. Subsequent to a hearing on the petition, in February of 2018, the couple entered into a temporary

consent order under which the husband was given physical custody of the children and the wife granted supervised visitation.

On November 8, 2018, the trial court held a hearing on the petition for modification of custody at which the mother, father, and several witnesses testified and presented evidence concerning the parents' relationship, the mother's parenting and the children's welfare. On December 14, 2018, the trial court entered an order granting the couple joint legal custody, with the husband as the designated primary physical custodian, and the couple sharing alternating weeks of physical custody. The husband now appeals from that order and contends that the trial court erred in finding that the award of joint physical custody was in the children's best interest. For the reasons set forth below, we remand the case to the trial court for further proceedings consistent with this opinion.

"In considering the appeal of a child-custody decision, we view the evidence in the light most favorable to the trial court's decision." *Driver v. Sene*, 327 Ga. App. 275, 276 (758 SE2d 613) (2014). And we review a trial court's custody decision for an abuse of discretion. Id. at 277. Where there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion. *Haskell v. Haskell*, 286 Ga. 112, 112 (1) (686 SE2d 102) (2009). A petition to change child

custody should be granted only if "the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award." (Punctuation omitted.) *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012); OCGA § 19-9-3 (b) ("this subsection shall not limit or restrict the power of the judge to enter a judgment relating to the custody of a child in any new proceeding based upon a showing of a change in any material conditions or circumstances of a party or the child"). If there has been such a material change, the court should then "look to and determine" the best interest of the children. OCGA § 19-9-3 (a) (2) ("The duty of the judge in all [custody] cases shall be to exercise discretion to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness and to make his or her award accordingly."); *New v. Goss*, 327 Ga. App. 413, 414 (2) (759 SE2d 266) (2014) (trial court must find a material change in conditions or circumstances and that the change in custody is in the best interest of the children.)

Thus, in *modifying* a previous custody arrangement, a threshold finding that the trial court must make is that there has been a material change in circumstances before it then considers what is in the children's best interest. *Weickert v. Weickert*, 268 Ga. App. 624, 627 (1) (602 SE2d 337) (2004); *Odum v. Russell*, 342 Ga. App. 390, 392

3

(1) (802 SE2d 829) (2017) ("While a best interest of the child standard applies to an initial determination of custody, it is applicable in a change of custody action only after there has been a showing of a change in condition materially affecting the child.") (citation and punctuation omitted). This Court has further held that

> [a]lthough . . . a trial court must find that a material change in circumstances has taken place before it can consider whether modification of custody is in the children's best interests, we will not remand to require the use of the word 'material" where . . . it is manifest from the written order that the trial court considered that significant and substantial changes in circumstances had occurred."

*Weickert*, 268 Ga. App. at 628 (1) (noting that omission of "magic word 'material' to modify the word 'change" did not require remand when "[c]onsidering the order as a whole, a strong implication arises that the trial court considered the change of circumstances to have been material. The order recited a correct understanding of the law and then changed custody following a week-long trial."). However, "[w]ithout an explicit statement specifying the factual bases for the trial court's *implicit* conclusion that a change in material conditions or circumstances justified a change in custody in this case, this Court is not in a position to evaluate whether the trial court acted within the limits of its discretion." *Gordy v. Gordy*, 246 Ga. App. 802,

4

803 (1) (542 SE2d 536) (2000). In *Gordy*, the trial court did not state specifically a finding that a material change in circumstance existed or that a change in custody was warranted in the children's best interests. Id. We further noted in that case that "[a]t the hearing [on the custody modification petition], the trial court's only explanation of its forthcoming order was the following: 'It's a very hard case. . . . I find that in the best interest of the children, they should be with their father.'" Id. And we pointed out that,

> [i]n their briefs, both parties make certain assumptions about the factual findings underlying the trial court's modification of custody, based on the content of [the father's] petition and the evidence presented at the hearing. But on the record the trial court did not state that it found that a change in material conditions or circumstances justified a change in custody, nor did the court identify any specific factual findings supporting that legal conclusion.

(Emphasis omitted.) Id.

Likewise here, there is nothing in the trial court's order or the hearing that assists this Court in its evaluation of whether the trial court properly exercised its discretion in modifying the former custody arrangement. The order merely sets forth in detail the new custody and child support arrangement, and nothing more. At the hearing, the trial court provided no additional insight as why it modified the custody.

5

At no point did the trial court state that it had found a material change in circumstances that affected the children, or that the best interests of the children would be served by a change in custody. In concluding the hearing, the trial court informed the parties that it was going to take the evidence "under review," noted that the daughter she had spoken to privately within chambers was a "neat kid" and that the parents "have done a good job."

We are aware that this Court has consistently held that pursuant to OCGA § 19-9-3 (a) (8)[1] and the OCGA § 9-11-52 (a)[2], specific findings of fact as to the basis for the judge's decision are not required unless requested. See *Weickert*, 268 Ga. App. at 629 (2) (in a child custody modification action, the trial court was not required to

---

[1] If requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge as set forth in paragraph (3) of this subsection. Such order shall set forth in detail why the court awarded custody in the manner set forth in the order. . . .

[2] "[I]n all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law."

include specific findings of fact in its written order because neither party requested that the court do so); *Clark v. Rau*, 338 Ga. App. 251, 255 (3) (789 SE2d 399) (2016) (order not "facially deficient" when "neither party requested specific findings of fact, which under OCGA § 19-9-3 (a) (8) need only be provided if requested by any party on or before the close of evidence.") (punctuation omitted). And we are also cognizant of the presumption of correctness given to the trial court where "there is no indication in the record that the trial judge . . . applied in any other standard" than those required by OCGA § 19-9-3. (Citation and punctuation omitted.) *Dallow v. Dallow*, 299 Ga. 762, 777 (4) (791 SE2d 20) (2016) ("in the absence of a contrary showing, the trial court will be presumed to have followed the law." )

However, without either a statement anywhere on the record reflecting that the trial court found a change in material conditions or circumstances that justified the change in custody, or an order that reflected in some degree that the trial court understood and applied the requisite findings, we must vacate the trial court's order and remand the case for the trial court to make such threshold statutory findings. See *Burnham v. Burnham*, 350 Ga. App. 348 (829 SE2d 425) (2019) (trial court failed make the threshold factual finding that a material change in circumstances prior to considering the best interests of the children); *Morgan v. Fordham*, 328 Ga. App.

7

227, 228-229 (761 SE2d 621) (2014) (physical precedent only) (trial court's failure to make finding that there were changed circumstances and focusing solely on best interest analysis required remand); *Johnson v. Hubert*, 175 Ga. App. 169, 170 (1) (333 SE2d 21) (1985) (where the trial court awarded custody of the child to the plaintiff father solely upon the conclusion that it was in the child's best interest without making the threshold determination that there was a change in material circumstances, the trial court failed to apply the proper legal standard and remand was required); compare *Weickert*, 268 Ga. App. at 627-628 (1) (reading trial court's order as a whole showed that trial court understood the threshold requirement of changed circumstances and that it found them to exist).

*Judgment vacated and remanded with direction. Mercier and Brown, JJ., concur*.

8