**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 26, 2021**

# In the Court of Appeals of Georgia

A21A0755. HARRISON v. WHITAKER.

MARKLE, Judge.

Alexis Brian Harrison appeals pro se from the trial court's order denying his petition for the modification of custody of his daughter. On appeal, he raises numerous claims of error regarding the form of the trial court's final order and certain of its evidentiary rulings. Because the trial court did not address the threshold issue of whether a material change in circumstances warranted a modification of custody, we vacate the trial court's order, and remand the case with direction for the trial court to provide sufficient findings to enable appellate review of these issues.

When reviewing an order in a child custody case, we view the evidence in the light most favorable to the trial court's decision. We will not set aside the trial court's factual findings if there is any evidence to support them, and we defer to the trial court's credibility determinations.

We review de novo, however, the legal conclusions the trial court draws from the facts.

(Citations omitted.) *Mashburn v. Mashburn*, 353 Ga. App. 31, 32 (836 SE2d 131) (2019).

So viewed, the record shows that Harrison and Jennifer Nicole Whitaker divorced in 2015 in Wisconsin. Under the divorce decree, Whitaker was granted sole legal custody, and primary physical custody, of their minor daughter; while Harrison maintained visitation rights.[1]

Five years later, Harrison filed his petition to domesticate the Wisconsin divorce decree and for modification of custody in the Walker County Superior Court. He alleged that Whitaker had improperly denied him access to their child, and he sought sole legal and physical custody. Whitaker answered and attached the affidavit of the now 14-year-old child, who stated that she was receiving psychological treatment; she preferred her mother to be her sole legal and physical custodian; and she did not wish to visit with her father.

---

[1] The Wisconsin divorce decree is not included in the appellate record. However, the parties do not dispute the terms of the decree.

Following a hearing, during which the trial court heard testimony from the child outside the presence of the parties, the trial court entered a final order awarding sole legal and physical custody to Whitaker, but granting Harrison visitation rights solely at the child's discretion.[2] Harrison was also permitted to access the child's medical records, and to communicate with her via text messages, so long as such contact was approved under her continuing psychological care. Harrison now appeals.

1. Before considering Harrison's arguments on appeal, we must first address whether this matter is properly subject to our review. We conclude that the trial court's failure to make any ruling as to the threshold issue of a change in circumstances requires us to vacate the trial court's order and remand this case for further factual findings.

---

[2] For the first time on appeal, Harrison objects to the trial court's entry of a final order, as opposed to a temporary order, following the hearing. However, Harrison did not object when the trial court indicated it would enter a final order at the close of the hearing. Nor did he raise the finality of the order in his objection to Whitaker's proposed order. "Absent a contemporaneous objection, this enumeration of error presents nothing for appellate review." *Lynch v. Horton*, 302 Ga. App. 597, 599 (1) (692 SE2d 34) (2010); see also *Rank v. Rank*, 287 Ga. 147, 149 (2) (695 SE2d 13) (2010) (in the absence of an objection before the trial court, appellant could not complain on appeal about procedures used to present evidence at the hearing below). As such, we review the trial court's order as a final order, and not a temporary order.

"Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case." *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003). We review a custody modification order for an abuse of discretion. *Longino v. Longino*, 352 Ga. App. 263, 263-264 (834 SE2d 355) (2019)*; Burnham v. Burnham*, 350 Ga. App. 348, 351 (2) (829 SE2d 425) (2019).

> As we have explained, however,
>
> a change of custody may be granted only if a new and material change in circumstances affects the child. The trial court must find that a material change in circumstances has taken place *before* it can consider whether modification of custody is in the child[]'s best interests. Accordingly, the trial court must make a threshold finding that there has been a material change in circumstances before it considers what is in the child[]'s best interests.

(Citations and punctuation omitted; emphasis in original.) *Burnham*, 350 Ga. App. at 352 (2); see also *Longino*, 352 Ga. App. at 263-264; OCGA § 19-9-3 (b) ("[T]his subsection shall not limit or restrict the power of the judge to enter a judgment relating to the custody of a child in any new proceeding based upon a showing of a change in any material conditions or circumstances of a party or the child."); cf. *Odum v. Russell*, 342 Ga. App. 390, 392-393 (1) (802 SE2d 829) (2017) (trial court's

4

removal of father's extra week of summer visitation amounted to a modification of joint physical custody, and was error where trial court found there was no material change in circumstances affecting the welfare of the child).

Here, the trial court did not make any finding touching upon this threshold issue in its order, or in any of its comments at the hearing, before proceeding to a best interests of the child analysis in modifying the prior custody arrangement. Accordingly, we must vacate the trial court's order and remand this case for further factual findings. *Burnham*, 350 Ga. App. at 352-353 (2); see also *Longino*, 352 Ga. App. at 266 ("[W]ithout either a statement anywhere on the record reflecting that the trial court found a change in material conditions or circumstances that justified the change in custody, or an order that reflected in some degree that the trial court understood and applied the requisite findings, we must vacate the trial court's order and remand the case for the trial court to make such threshold statutory findings.").

2. In light of our holding in Division 1, we do not reach Harrison's remaining claims of error.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Gobeil, J., concur.*