# Court of Appeals
# of the State of Georgia

ATLANTA, __October 11, 2022__

*The Court of Appeals hereby passes the following order:*

## A22A0716. CRYSTAL H. MEADOR v. LINSEY E. MEADOR III.

Appellant Crystal H. Meador and Appellee Linsey Meador III were previously married and share three children. After the couple divorced in May 2019, the parents shared joint legal custody; Appellant had primary physical custody and Appellee had "secondary custody of the children." Four months later, Appellee filed a petition for modification of custody, parenting time, and child support, alleging that Appellant intended to move the children out of state, that their daughter's behavior had changed, that there were "issues" between Appellant's boyfriend and the minor children, and that Appellant and her boyfriend were abusing alcohol. Following a five-day hearing, the trial court entered an order granting Appellee's petition, concluding that it was in the best interests of the minor children. The detailed order grants primary physical custody to Appellee, permits Appellant supervised visitation, and alters child support. The trial court also granted Appellee's request for attorney fees, ordering Appellant to pay a total of $43,500 pursuant to OCGA §§ 9-15-14 (a), 19-6-15 (k) (5), and19-9-3 (g).  Appellant now challenges the modification of custody and child support, as well as the grant of attorney fees. Appellant first argues – and we agree – that the trial court modified custody without first determining that there had been a material change in circumstances affecting the welfare of the children.

"Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case," *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003), and a trial court's determination in this regard is entitled to substantial deference on appeal. See *McManus v. Johnson* 356 Ga. App. 880, 880 (849 SE2d 708) (2020).  However, "a change of custody may

be granted only if a new and material change in circumstances affects the child[ren]." (Citation and punctuation omitted.) *Burnham v. Burnham*, 350 Ga. App. 348, 352 (2) (829 SE2d 425) (2019). Thus, "the trial court must make a threshold finding that there has been a material change in circumstances before it considers what is in the children's best interests." Id. While our Court has emphasized that the trial court is not required to use "magic words," *Weickert v. Weickert*, 268 Ga. App. 624, 627 (1) (602 SE2d 337) (2004), here, there is no obvious indication from the order or the record that the trial court considered or applied the material-change standard before modifying custody based on the best-interest standard. Indeed, there was no mention of the material-change standard in the parties' final legal arguments before the trial court, and the trial court's order is focused exclusively on the best-interest standard. The necessity of remand here is particularly acute because the original custody arrangement was in place for only four months before Appellee filed his petition and because a pivotal issue at the hearing was the timing of the circumstances giving rise to Appellee's petition.

Accordingly, the judgment of the trial court is vacated – including the award of attorney fees, which was dependent on the resolution of the modification of child custody and support – and this matter is remanded for the court to make the necessary findings of fact required by this order.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  10/11/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

Stephen E. Castlen , Clerk.