**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 9, 2025**

# In the Court of Appeals of Georgia

A24A1389. KIMBRO v. WARREN.

McFADDEN, Presiding Judge.

This appeal challenges an order that modified an earlier award of child custody. Because the trial court failed to make the threshold determination of a material change in circumstances before modifying custody, the order must be vacated and the case remanded for the trial court to make the necessary findings.

1. *Facts and procedural posture*

Shienke Kimbro and Tito Warren were married and had four children. The couple divorced in July 2021, with the final divorce decree awarding Kimbro and Warren joint physical and joint legal custody of the children, and further providing that neither party was obligated to pay child support. A year later, Warren filed a

petition for change of custody, alleging that Kimbro intended to move the children out of state and that she was intentionally impairing his relationship with the children. After a hearing, a superior court judge entered a temporary order that modified the divorce decree custody arrangement by awarding Warren primary physical custody of the children, establishing a visitation schedule for Kimbro, requiring Kimbro to pay monthly child support to Warren, and appointing a guardian ad litem to report on the children's best interests.

Approximately ten months later, a final hearing on Warren's petition to change custody was held before a different superior court judge. After that hearing, the new judge entered a final order awarding primary physical custody of the children to Warren. The final order provided: "After receiving and reviewing the report of the Guardian ad Litem, the Court finds that custody shall remain unchanged. The Plaintiff/Father, Tito Warren, shall continue to have primary physical custody of the Children. The parties shall share joint legal custody of the minor Children." The final order also established a visitation schedule for Kimbro and required her to pay child support to Warren.

Kimbro filed a motion for new trial, which the trial court denied. This appeal followed.

2. *Modification of child custody*

Kimbro asserts that the trial court erred in modifying the divorce decree award of joint physical custody of the children without first finding that there had been a material change in circumstances. We agree.

> Once an award of child custody has been made, when [a] parent seeks to change that arrangement, the trial court must first determine whether there has been a material change in circumstances affecting the child's welfare. . . . [A] change of custody may be granted only if a new and material change in circumstances affects the child. The trial court must find that a material change in circumstances has taken place *before* it can consider whether modification of custody is in the child['s] best interests.

*Burnham v. Burnham*, 350 Ga. App. 348, 351-352 (2) (829 SE2d 425) (2019) (citations and punctuation omitted; emphasis in original). Accord *Harrison v. Whitaker*, 361 Ga. App. 36, 37 (1) (862 SE2d 597) (2021) ("the trial court must make a threshold finding that there has been a material change in circumstances before it considers what is in the child's best interests") (citation and punctuation omitted).

Here, the trial court did not mention a material change in circumstances or find that there had been such a change either at the final hearing or in its final order.

Indeed, at the final hearing, the parties made no argument to the court about the threshold issue of a material change in circumstances. Nevertheless, Warren argues that the trial court implicitly found such a change because it referenced the guardian ad litem's report in its final order. But that report, which discussed the parties' allegations and the guardian's concerns, included no finding that there had been a material change in circumstances. The trial court's mere statement in its order that it had reviewed the report did not amount to a finding that there had been a material change in circumstances authorizing a modification of the prior joint custody arrangement.

We further note that the judge who issued the earlier temporary order also did not find that there had been a material change in circumstances before modifying the divorce decree award of joint physical custody by temporarily giving Warren primary physical custody. That temporary order, like the final order, made no mention of the material change in circumstances standard and included no finding of such a change. During the temporary hearing, that judge also made no statements indicating that he had considered the threshold issue. And when Kimbro asked if there was a reason why

4

Warren was being given physical custody, the judge simply replied: "Okay, that's —
I've ruled."

Where a trial court "fail[s] to make any finding that there has been a material change in circumstances, we must vacate the trial court's order and remand the case for further factual findings." *Burnham*, supra at 352 (2). Because "the trial court [here] did not make any finding touching upon this threshold issue in its [final] order, or in any of its comments at the [final] hearing, . . . we [hereby] vacate the trial court's order and remand this case for further factual findings." *Harrison*, supra at 38 (1). See also *Longino v. Longino*, 352 Ga. App. 263, 266 (834 SE2d 355) (2019) (child custody modification order vacated and case remanded for the trial court to make findings on threshold issue of material change in circumstances).

3. *Other enumerations*

Because of our holding above, we do not reach Kimbro's other enumerations of error.

*Judgment vacated and remanded with direction. Mercier, C. J., and Rickman, P. J., concur.*