**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 22, 2026**

# In the Court of Appeals of Georgia

A26A0552. SANCHEZ v. DOMINGUEZ.

A26A0553. SANCHEZ v. DOMINGUEZ.

RICKMAN, Presiding Judge.

Appellant Idanea Lopez Sanchez appeals the trial court's Final Custody Order that awarded her sole custody of her children, M. R. L. S. and K. G. L., but issued findings of fact that did not support the children's special immigrant juvenile ("SIJ") status. Sanchez contends that the trial court failed to make definitive findings and otherwise made erroneous findings under the SIJ factors.[1] Because no error has been shown, we affirm.

---

[1] This appeal does not challenge the trial court's award of sole custody to Sanchez. We, therefore, do not address the trial court's findings as to the custody petition.

The record shows that K. G. L. was born on July 23, 2007.[2] M. R. L. S. was born on September 22, 2013. Both children were born in Mexico to the same biological parents – Sanchez, the mother, and Lizandro Geronimo Dominguez, the father.[3] Sanchez traveled to the United States and left the children in Mexico, where they resided with their maternal aunts for several years. In 2024, the children joined Sanchez in the United States, where they continue to reside in DeKalb County, Georgia.

In June 2025, Sanchez filed petitions seeking sole custody of the children. She contemporaneously filed a motion for specific findings of fact pursuant to the provisions of 8 USC § 1101 (a)(27)(J) and 8 CFR § 204.11 governing the process for immigrant youths to petition for SIJ status. The custody petitions asserted that the

---

[2] K. G. L. is now 18 years old. The fact that she is no longer a minor does not moot this appeal because the trial court's ruling "creates adverse consequences relating to [K. G. L.'s] immigration status that will continue to affect [her] beyond [her] childhood." *In the Interest of H. D. G. H.*, 371 Ga. App. 34, 34, n.2 (899 SE2d 501) (2024) (quoting *In the Interest of M. J. H.*, 366 Ga. App. 872, 873, n.1 (884 SE2d 559) (2023)).

[3] Sanchez's petition and supporting documents provide inconsistent information in material respects. For example, although the petition provides that M. R. L. S. was born in 2007, the child's birth certificate and other supporting documents reflect that she was born in 2013. In addition, the documents provide conflicting information regarding the identity of M. R. L. S.'s biological father.

father resides in Mexico, had not visited or had any meaningful communications with the children since their birth, and had not financially provided for the children since their birth. The mother claimed that it was in the best interests of the children for her to be granted sole legal and physical custody.

In support of the custody petitions, Sanchez submitted an "Acknowledgment of Service and Consent to Petition for Sole Custody" (the "Acknowledgment") signed by the father. In the Acknowledgment, the father acknowledged receipt of the custody petitions. He waived the right to further notice of the proceedings, the right to be present at any hearing, and the right to legal counsel. The father conceded that he was unable to provide for the children at that time, and he consented to the children being placed in Sanchez's custody. He further stated that "I understand that custody of my children may not automatically be returned to me and that a hearing may be necessary to determine my fitness to regain custody of my children."

On July 21, 2025, the trial court held an evidentiary hearing, which allowed Sanchez to present testimony addressing the custody issues and the SIJ factors. Following the hearing, the trial court entered its Final Custody Orders, with detailed

3

findings of fact and conclusions of law. Sanchez has filed this appeal to challenge the trial court's SIJ findings.

1. Sanchez claims that the trial court failed to properly apply the best interests of the child standard and relied upon evidence that was not included in the record. Resolution of Sanchez's claims challenging the trial court's factual findings ultimately requires a review of the evidence presented at the hearing, but Sanchez has failed to include a transcript from the hearing in the appellate record. In fact, Sanchez's notice of appeal states that a "[t]ranscript of evidence and proceedings will not be filed for inclusion in the record on appeal."

"In the absence of a transcript, we must presume that the evidence supported the trial court's ruling[s]." *Payne v. Myatt*, 351 Ga. App. 678, 678(1) (832 SE2d 663) (2019) (punctuation omitted). See also *Floyd v. Brown*, 338 Ga. App. 520, 524(2) (790 SE2d 307) (2016) ("[I]n accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings.") (punctuation omitted). Because the hearing transcript has not been included in the record, we are unable to

review the evidentiary basis for the trial court's findings. Consequently, no basis for reversal has been shown and we must affirm on this ground.

2. Sanchez argues that the trial court erred by failing to make definitive findings on the SIJ factors. She contends that the trial court's findings were unclear and ambiguous. Based upon our reading of the trial court's order, we disagree.

The trial court's examination of the SIJ factors is grounded upon federal law. This Court has explained as follows:

> Federal law provides a path to lawful permanent residency in the United States to resident alien children who qualify for "special immigrant juvenile" (SIJ) status. 8 USC § 1101 (a) (27) (J); 8 CFR § 204.11. Congress created SIJ classification to protect abused, neglected, and abandoned immigrant youth through a process allowing them to become legal permanent residents.
>
> To be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried. 8 CFR § 204.11 (c). The child must have been declared dependent upon a state juvenile court.[4] 8 USC § 1101 (a) (27) (J). And the juvenile court must have

---

[4] See 8 CFR § 204.11 (a) (defining "juvenile court" as "a court located in the United States that has jurisdiction under State law to make judicial determinations about the … custody and care of juveniles"). Sanchez filed this case in superior court, which has original jurisdiction to hear custody matters. See *Kasper v. Martin*, 354 Ga. App. 831, 833 (841 SE2d 488) (2020) (citing Ga. Const. of 1983, Art. VI, Sec. IV, Par.

made two additional findings: (1) that "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law"; and (2) that "it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence." Id. at (i), (ii). See also 8 CFR § 204.11. The language of the first finding is designed to prevent youths from using this remedy for the purpose of obtaining legal permanent resident status, rather than for the purpose of obtaining relief from abuse or neglect or abandonment. Although the juvenile court determines whether the evidence supports the findings, the final decision regarding SIJ status rests with the federal government, and, as shown, the child must apply to that authority. 8 USC § 1101 (a) (27) (J) (iii).

*In the Interest of J. J. X. C.*, 318 Ga. App. 420, 424 (734 SE2d 120) (2012) (citation modified).

As recognized by the SIJ statute, state courts "are the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." *In the Interest of J. J. X. C.*, 318 Ga. App. at 425. Trial courts have a duty to consider and make findings regarding the SIJ factors. *In the Interest of H. D. G. H.*, 371 Ga. App. 34, 36 (899 SE2d 501) (2024). When a trial court fails to do so, we

I).

must remand the case with instruction "to consider the request for SIJ findings in light of the facts and relevant law and to make relevant findings." *In the Interest of J. J. X. C.*, 318 Ga. App. at 426 (remanding case where juvenile court's order was silent regarding any decision on the SIJ factors). See also *In the Interest of M. E. P. S.*, 372 Ga. App. 5, 6–7 (903 SE2d 685) (2024) (remanding case where trial court erroneously held that it was not authorized to make a finding as to whether returning the child to her birth country would be in her best interest); *In the Interest of H. D. G. H.*, 371 Ga. App. at 37 (remanding case where trial court refused to make the SIJ best interest factual determination).

This is not a case where the trial court questioned its jurisdictional authority or failed to make findings as to the SIJ factors. Rather, the trial court examined the SIJ factors and questioned the sufficiency and veracity of the evidence that Sanchez presented for evaluating those factors. In considering the SIJ factors, the trial court determined that the evidence did not support a finding that reunification of the children with the father was not viable. The trial court further determined that although "it would be in the child's best interest to remain with [Sanchez] here in the United States with better opportunities," the evidence did not establish that the

7

remedy was being used "for the purpose of obtaining relief from abuse or neglect or abandonment." The trial court accurately quoted and based its determination upon the standard set forth in *In the Interest of J. J. X. C.*, 318 Ga. App. at 424. And the trial court's order analyzed the evidence upon which its rulings were based. In its findings, the trial court questioned the veracity of Sanchez's allegations in light of the hearing evidence or the lack thereof.

While complying with its duty to consider and make findings regarding the SIJ factors, "the court is authorized to conclude that a party has failed to present evidence to support the SIJ factors or that a party's evidence is not credible." *In the Interest of H. D. G. H.*, 371 Ga. App. at 37, n.3. Despite Sanchez's disagreement with the trial court's findings, the order shows that the required SIJ findings were made.

3. Sanchez also contends that the trial court's order was inconsistent to the extent it found that the father had abandoned the children, but did not find that reunification with the father is not a viable option.

Contrary to Sanchez's arguments, the trial court's findings were not inconsistent.

> Here, the court found only that the [children] [were] abandoned for
> purposes of child custody, in order to grant the mother sole custody.

"Abandoned" in this context, means that the court found that [the children] [were] "left without provision for reasonable and necessary care or supervision" by [their] father. OCGA § 19-9-41 (1). Such a definition does not necessarily require the father to have affirmatively given up his role as a parent. Thus, under this definition, the court's finding of abandonment is not necessarily inconsistent with the finding that reunification may still be viable.

*Mendoza v. Mendoza Garcia*, 374 Ga. App. 730, 736 (913 SE2d 835) (2025).

While Sanchez relies upon the father's signed Acknowledgment stating that he currently is unable to care for his children,[5] the trial court's order noted that the father also had stated, "I understand that custody of my children may not automatically be returned to me and that a hearing may be necessary to determine my fitness to regain custody of my children." Based upon the father's latter statements, the trial court found that the father did not relinquish a potential reunification with the children.

To the extent that conflicting evidence was presented on the issue, resolving the conflicts was within the province of the trial court. *King v. King*, 284 Ga. 364, 365 (667

---

[5] We further note that Sanchez misrepresents the record evidence to the extent she claims that the father's Acknowledgment stated that he is "unwilling to care for his children." The Acknowledgment does not contain any such statement. While the Acknowledgment stated that the father was unable to provide for the children at that time, the father's statements did not agree to forego reunification with the children.

SE2d 30) (2008) ("[I]t is the duty of the trial judge to resolve the conflicts in the evidence[.]" (punctuation omitted)). We cannot say that the trial judge abused her discretion where there is any evidence supporting the findings. Id. See also *Kuehn v. Key*, 325 Ga. App. 512, 517(1) (754 SE2d 103) (2014) (explaining that the trial judge sat as the finder of fact and in resolving the evidentiary conflicts, "the trial judge was not limited to evidence that the mother believes supported her claims") (punctuation omitted). Because the statements in the father's Acknowledgment limited the extent of his consent and did not waive his ability to regain custody, the trial court was authorized to find that the father did not agree to non-reunification.

Moreover, in deciding that it could not find that reunification with the father was not a viable option, the trial court stated that it questioned the veracity of many of the allegations made against the father.

> The trial court, who has personally observed the [testimony of Sanchez] and other witnesses, and viewed the evidence first-hand, is the ultimate arbiter of credibility. ... [W]e will not set aside the trial court's factual findings if there is any evidence to support them, and we defer to the trial court's credibility determinations[.] ... [W]here the trial court ultimately found [Sanchez] in this case to be non-credible and her evidence to be non-persuasive, it did not abuse its discretion by finding that

reunification with the father was viable, despite simultaneously finding that the father abandoned the [children] for child custody purposes.

*Mendoza*, 374 Ga. App. at 736 (citation modified).

4. Sanchez further argues that the trial court erroneously considered her subjective motivations in its SIJ findings. Again, we disagree.

In its review of the evidence, the trial court was not convinced that the SIJ remedy was being used for "the purpose of obtaining relief from abuse or neglect or abandonment."[6] In making this determination, the trial court assessed Sanchez's credibility and the weight that should be given to her evidence, which the trial court was authorized to do. See *Mendoza*, 374 Ga. App. at 735 (rejecting mother's argument that the trial court had erroneously considered her subjective motivations in seeking SIJ relief). And as previously stated in Division 1 above, the absence of the hearing transcript precludes our ability to review what transpired during the hearing that led to the trial court's findings.

*Judgments affirmed. Brown, C. J., and Mercier, J., concur.*

---

[6] See *In the Interest of J. J. X. C.*, 318 Ga. App. at 424.